STATE OF HAWAII, Plaintiff-Appellee, *v.* BRIAN Y.M. KAM, Defendant-Appellant

NO. 11016

(CRIMINAL NO. 85-0249)

AND

STATE OF HAWAII, Plaintiff-Appellee, *v.* DEBBIE ELLEN COHEN, Defendant-Appellant

NO. 11041

(CRIMINAL NO. 85-0806)

OCTOBER 9, 1986

LUM, C.J., PADGETT, HAYASHI AND WAKATSUKI, JJ., AND
INTERMEDIATE COURT OF APPEALS ASSOCIATE JUDGE TANAKA,
IN PLACE OF NAKAMURA, J., RECUSED

OPINION OF THE COURT BY PADGETT, J.

Appellant Brian Kam was convicted of one count of promoting pornography and Appellant Debbie Cohen was convicted of four counts of promoting pornography (HRS § 712-1214(1)(a)). We consolidated the cases for argument since they involved common questions of law. Because of error in instructing the respective juries, we reverse.

Appellant Kam was charged with selling a pornographic videotape and Appellant Cohen was charged with selling four pornographic magazines. The videotape and the magazines are in evidence and there is no dispute that the appellants did sell them. HRS § 712-1214(1)(a) provides as follows:

*Promoting pornography.* (1) A person commits the offense of promoting pornography if, knowing its content and character, he:

(a) Disseminates for monetary consideration any pornographic material[.]

HRS § 712-1210 (as amended) provides in part:

*Definitions of terms in this part.* In this part, unless a different meaning is required:

. . . .

(2) "Disseminate" means to manufacture, issue, publish, sell, lend, distribute, transmit, exhibit, or present material or to offer or agree to do the same.

(3) "Material" means any printed matter, visual representation, or sound recording, and includes but is not limited to books, magazines, motion picture films, pamphlets, newspapers, pictures, photographs, drawings, sculptures, and tape or wire recordings.

. . . .

(6) "Pornographic." Any material or performance is "porno-

 

graphic" if all of the following coalesce:

(a) The average person, applying contemporary community standards would find that, taken as a whole, it appeals to the prurient interest.

(b) It depicts or describes sexual conduct in a patently offensive way.

(c) Taken as a whole, it lacks serious literary, artistic, political, or scientific merit.

In each case, the trial judge gave, by agreement, the standard Court's Instruction No. 1, as follows:

The Court will instruct you now concerning the law which you must follow in arriving at your verdict.

You are the exclusive judges of the facts of this case. However, you must follow these instructions even though you may have opinions to the contrary.

You must consider all of the instructions as a whole and consider each instruction in the light of all of the others. Do not single out any word, phrase, sentence or instruction and ignore the others. Do not give greater emphasis to any word, phrase, sentence or instruction simply because it is repeated in these instructions.

In Appellant Kam's case, the court also gave, over objection, State's Instruction No. 6, reading:

COMMUNITY STANDARDS.

In determining whether the material, taken as a whole, appeals to the prurient interest, and whether it portrays sexual conduct in a patently offensive way, you must, as an average person, determine and apply the contemporary community standards of the State of Hawaii.

Contemporary community standards are determined by what the people of the State of Hawaii, as a whole, in fact, find presently acceptable.

In determining what the contemporary community standards of the State of Hawaii are, you may consider your knowledge of what is acceptable in the community.

In Appellant Cohen's case, a sentence was added to that instruction, stating:

Ascertainment of the standard must be based upon an objective determination of what affronts, and is intolerable to, the community as a whole.

In the Cohen case, the appellant offered and the court refused an instruction which read:

> If you are unable to identify the statewide community standard, Defendant is entitled to a finding in her favor.

The first paragraph of State's Instruction No. 6, when read with the instructions as a whole, including Court's Instruction No. 1, could be construed by the jury as mandating them to decide that there are contemporary community standards. The problem with such a mandate is that such standards may, or may not, in fact, exist. As the Supreme Judicial Court of Massachusetts said in *Commonwealth v. Trainor*, 374 Mass. 796, 374 N.E.2d 1216 at 1219 (1978):

> A defendant is entitled to rulings or instructions that, if the trier of fact cannot determine Commonwealth norms, the defendant is entitled to a finding in his favor . . . .

Without a clarification such as that offered by Appellant Cohen in her refused Defendant's Jury Instruction No. 9, there exists a substantial likelihood that the juries in these cases were misled into not considering the issue of whether such standards do, in fact, exist.

Questions asked by the respective juries during deliberations point to confusion in this area.

In the Kam case, the jury, during its deliberations, made the following inquiry of the court:

> Should the understanding of "community standards" affect our decision and/or can you further define community standards?

No clarification was given by the court. In the Cohen case, the jury asked:

> May we have the charts that have the definition of pornography.

The court answered this by giving the jury extensive instructions including a repetition of State's Instruction No. 6. The second communication from the jury indicated that they would be unable to reach a verdict but, by their third communication, they had.

We hold that it is necessary for the court, in a case brought under HRS § 712-1214, specifically to instruct the jury, in one form or another, that in order to convict a defendant they must find that a contemporary community standard exists, and that the defendant has violated it. In these cases that was not done.

In Appellant Kam's case, he also complains of the use by the State, in rebuttal, of previously unlisted expert witnesses. On the record in this case, there does seem to be a showing of some unfairness in the use of

such rebuttal witnesses. However presumably, on retrial, there will be no recurrence of the matters complained of.

It is axiomatic that appellate courts should pass upon constitutional issues only where the case is such that a decision of such issues is unavoidable. Since we are remanding for new trials and since the appellants on retrial may not be convicted, we do not reach or pass upon any of the constitutional issues raised in these cases. Reversed and remanded for new trials.

*Jack F. Schweigert* (*Myers C. Symonds* with him on the briefs) for appellants Kam and Cohen.

*Peter B. Carlisle,* Deputy Prosecuting Attorney (*Arthur E. Ross,* Deputy Prosecuting Attorney, and *Ronald Johnson,* law clerk, on the brief), for appellee.

Amicus Curiae Brief:

*Edward C. Kemper* and *Daniel Foley,* for ACLU of Hawaii.