**Gandabhi Motibahi PATEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1257–86.**

Court of Criminal Appeals of Texas, En Banc.

April 18, 1990.

Vernard G. Solomon, Marshall, for appellant.

O.W. Loyd, II, Dist. Atty., Gilmer and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appeal is taken from a conviction for murder. See V.T.C.A., Penal Code, § 19.02(a)(1). After finding appellant guilty, the jury assessed punishment at fifteen years imprisonment.

On direct appeal the Sixth Court of Appeals, in a published per curiam opinion, affirmed the conviction. *Patel v. State,* 720 S.W.2d 891 (Tex.App.—6 Dist, 1986). On evaluating the sufficiency of the evidence on the appellant's affirmative defense of insanity, the Court of Appeals utilized two standards of review: (1) the Van Guilder standard, *Van Guilder v. State,* 709 S.W.2d 178 (Tex.Cr.App.1985), and (2) a factual sufficiency review to determine if the verdict was against the great weight and preponderance of the evidence. Because application of this secondary factual sufficiency review was in conflict with applicable decisions of this Court, we granted appellant's petition. Tex.R.App. Proc.Rule 200(c)(3).

After finding the evidence insufficient to support appellant's affirmative defense of insanity, V.T.C.A., Penal Code § 8.01, under the *Van Guilder, supra,* standard, the court then reassessed the sufficiency of the evidence by reviewing the "factual determinations in the trial court to determine if they are against the great weight and preponderance of the evidence." *Patel, su-*

*pra,* at 897. The basis relied on by the Court of Appeals for conducting this secondary review was *Meraz v. State,* 714 S.W.2d 108 (Tex.App.—6 Dist.,1986).

Appellant raised two grounds for review in his petition before this Court. First, appellant argued the Court of Appeals erred when it utilized the "great weight and preponderance" standard of review set out in *Meraz v. State, supra.* Second, appellant contended the Court of Appeals erred when it found the evidence was sufficient to sustain the implied finding of sanity and when it found that a rational trier of fact could have found that appellant failed to prove his defense by a preponderance of the evidence. We overrule both of appellant's grounds for review.

This Court recently affirmed *Meraz, supra,* and held that under Art. V, § 6 of the Texas Constitution, the Courts of Appeals have exclusive jurisdiction "to resolve questions of weight and preponderance of the evidence adequate to prove a matter the defendant must prove." *Meraz v. State,* 785 S.W.2d 146 (Tex.Cr.App.,1990). This includes the matter of the affirmative defense of insanity, as the appellant attempted to prove in the instant case. This Court also held that when a Court of Appeals is called upon to review whether the defendant has proved his affirmative defense and where the law has designated that the defendant has the burden of proof by a preponderance of the evidence, "the correct standard of review is whether after considering all the evidence relevant to the issue at hand, the judgment is so against the great weight and preponderance of the evidence so as to be manifestly unjust. Therefore, *Van Guilder v. State, supra, Schuessler v. State,* 719 S.W.2d 320 (Tex. Cr.App.1986); *Arnold v. State,* 719 S.W.2d 590 (Tex.Cr.App.1986), and their progeny are overruled." *Meraz, supra,* at 155.

The Court of Appeals' decision in the instant case to conduct a factual sufficiency review of appellant's affirmative defense of insanity by the standard of whether the judgment of the jury was against the great weight and preponderance of the evidence, *Patel, supra,* is now appropriate.

See *Meraz, supra.* Appellant's first ground for review is overruled.

Appellant's second ground for review was contingent upon the success of his first ground for review because the Court of Appeals analyzed the evidence at trial under both standards. We now find the Court of Appeals correctly assessed the evidence admitted at trial on the issue of appellant's sanity when it found that "a rational trier of fact could have determined that Patel failed to prove the defense of insanity by a preponderance of the evidence," *Patel, supra,* at 898. We overrule appellant's second ground for review.

The judgment of the Court of Appeals is affirmed.