**Richard Stanley BORKOWICZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–90–085–CR.**

Court of Appeals of Texas, Texarkana.

Dec. 27, 1990.

Andrew A. Dunlap, Dallas, for appellant.

Karen R. Wise, Asst. Dist. Atty., Dallas, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Richard Borkowicz was convicted of promoting obscenity by selling an obscene videotape. Tex.Penal Code Ann. § 43.23(c)(1) (Vernon 1989). Punishment was assessed at six months' imprisonment and a $2,000.00 fine.

On appeal, Borkowicz contends that the information is defective, the evidence is insufficient to support his conviction, and the trial court erred in denying his motion for mistrial after the prosecutor made an improper jury argument. We overrule these contentions and affirm the judgment.

On June 14, 1988, Michael Ozga, an undercover police officer, entered the Royal Lane 24–Hour News, an adult video/book store. The store contained numerous magazines and videotapes which showed on their covers men and women engaging in sexual intercourse or deviate sexual intercourse. The magazines were contained in clear cellophane packages. The videotapes were not wrapped. All of the materials were marked for sale. All of them were clearly visible from the manager's station, which is elevated two to three feet above the rest of the store. Borkowicz was on duty at the manager's station at the time.

Officer Ozga selected a videotape entitled "Have Blower, Will Travel" and brought it to the manager's station, where Borkowicz was working. When Ozga asked about the length of the tape, Borkowicz took the package and read the back cover. Among matters printed on the back of the cover were a statement that the tape was for "adults only—sale or rental to minors strictly prohibited," a notation stating that the video is "a full length X-rated feature," and three pictures showing men and women engaging in sexual intercourse or deviate sexual intercourse. The package also contained a vivid description of the movie's content, explicitly stating that it was a "torrid tale of lust" and a "wild orgy." Officer Ozga paid Borkowicz and took the videotape.

In his first point of error, Borkowicz contends that the information is void for failure to negate a statutory exception to the offense. Specifically, he argues that Tex.Penal Code Ann. § 43.23(g) (Vernon 1989) creates a statutory exception to the offense, and that the information failed to

negate the exception, thus rendering it insufficient to support a conviction.

If a charging instrument fails to negate an exception to an offense, it has not alleged all the elements and is void. TEX.PENAL CODE ANN. § 2.02(b) (Vernon 1974); *see McElroy v. State,* 720 S.W.2d 490 (Tex. Crim.App.1986). A defense, however, need not be negated in the charging instrument. TEX.PENAL CODE ANN. § 2.03(b) (Vernon 1974); *see Ex parte County,* 601 S.W.2d 357 (Tex.Crim.App.1980).

The statute provides that it "does not apply to a person whose possession, participation or conduct [concerning the obscene act] is in the course of law enforcement activities." TEX.PENAL CODE ANN. § 43.23(g). Subsection (g) does not state whether it is a defense or an exception. According to TEX.PENAL CODE ANN. § 2.02(a) (Vernon 1974), a provision is an exception to an offense if it is labeled by the phrase, "It is an exception to the application of...." Subsection (g) is not so labeled and is not an exception to TEX.PENAL CODE ANN. § 43.23 (Vernon 1989). *Johnson v. State,* 760 S.W.2d 797 (Tex. App.—Dallas 1988, no pet.). Although Subsection (g) is not labeled as a defense, TEX.PENAL CODE ANN. § 2.03(e) (Vernon 1974) provides that "[a] ground of defense ... that is not plainly labeled ... has the procedural and evidentiary consequences of a defense." As it is a defense, the terms of TEX.PENAL CODE ANN. § 43.23(g) need not be negated in the State's information. *Johnson v. State, supra.*

■ Borkowicz complains that the evidence is insufficient to support his conviction because it fails to establish that he had knowledge of the content and character of the video.

In reviewing the sufficiency of the evidence to support a conviction, the test is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234 (Tex.Crim.App.1989).

Borkowicz contends that the evidence established, at best, that he looked at the back cover of the video which Ozga purchased, and that this is insufficient to prove that he knew the video was obscene. We disagree. Knowledge of the material's content need not be shown by direct evidence. *Carroll v. State,* 701 S.W.2d 913 (Tex.Crim.App.1986). The fact may be proved by circumstantial evidence. *Carroll v. State, supra; Staten v. State,* 686 S.W.2d 268 (Tex.App.—Houston [14th Dist.] 1985, no pet.).

Borkowitz was solely in charge of the store on the occasion in question. There was testimony that the store was filled with materials with acts of sexual and deviate sexual intercourse shown on their covers, and that none of the store items was of a nonsexual nature. Both the magazines and videos were clearly visible from the manager's station. Borkowicz read the back cover of the video box on which is contained language describing the video as being a "torrid tale of lust" and a "wild orgy which defies all description." The back cover also includes three photographs of men and women engaging in sexual intercourse or deviate sexual intercourse.

Considering both the direct and circumstantial evidence, it is evident that a rational trier of fact could conclude, beyond a reasonable doubt, that Borkowicz knew the character and content of the videotape he sold to Officer Ozga. *Carroll v. State, supra; Johnson v. State, supra.*

■ In Borkowicz's final point, he contends that the trial court erred in denying his motion for mistrial because the State referred to uncharged misconduct in closing argument. A review of the record shows that the trial judge sustained Borkowitz's objection to the complained-of argument. Borkowitz did not request a jury instruction, nor did he secure a ruling on his motion for mistrial.

To preserve error for review, defense counsel must object, request an instruction to disregard, and make a motion for mistrial following each objectionable comment. *Koller v. State,* 518 S.W.2d 373 (Tex.Crim.

App.1975); *Daniels v. State,* 708 S.W.2d 532 (Tex.App.—Dallas 1986, no pet.). A motion for mistrial must be pressed to the point of procuring a ruling or it is waived. *Turner v. State,* 719 S.W.2d 190 (Tex.Crim. App.1986); *Patel v. State,* 720 S.W.2d 891 (Tex.App.—Texarkana 1986), *aff'd,* 787 S.W.2d 410 (Tex.Crim.App.1990); Tex.R. App.P. 52(a). Nothing is presented for review.

For the reasons stated, the judgment is affirmed.