In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



 NO. 09-04-227 CR 


NO. 09-04-228 CR


____________________



KENNETH WAYNE WATTS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause Nos. 85329 and 85330






MEMORANDUM OPINION (1)


 Kenneth Wayne Watts was charged with aggravated sexual assault of a child in
Cause No. 85329 and with sexual assault of a child in Cause No. 85330. Watts waived
his right to a jury trial and pleaded not guilty by reason of insanity. The trial court found
Watts guilty as charged and sentenced him to concurrent terms of twenty-five (25) and
fifteen (15) years of confinement. In two points of error presented in identical briefs, the
appellant challenges the trial court's jurisdiction and contends the trial court failed to
properly admonish him. Neither point presented for review is supported by the record. 
We affirm the judgment.

 Point of error one presents the following contention: "[The] trial court lacked
jurisdiction to hear evidence as appellant's affirmative defense of insanity thereby violating
appellant's constitutional right of due process and in effect creating a void judgment."
Watts waived his right to a jury trial in accordance with Article 1.13. See Tex. Code
Crim. Proc. Ann. art. 1.13 (Vernon 2005). He contends the written waiver of jury trial
and the trial court's acceptance of that waiver did not confer upon the trial court
"jurisdiction to preside over and determine the issue of insanity as a defense." The cases
upon which he relies address issues of sufficiency of the evidence in an appeal following
a jury trial; none involve a waiver of jury trial. See Graham v. State, 566 S.W.2d 941,
948 (Tex. Crim. App. 1978); Wenck v. State, 156 Tex. Crim. 50, 55, 238 S.W.2d 793,
796 (1951); Taylor v. State, 856 S.W.2d 459, 468 (Tex. App.--Houston [1st Dist.] 1993),
aff'd, 885 S.W.2d 154 (Tex. Crim. App. 1994); Ward v. State, 787 S.W.2d 116, 119
(Tex. App.--Corpus Christi 1990, pet. ref'd); Patel v. State, 720 S.W.2d 891, 897 (Tex.
App.--Texarkana 1986), aff'd, 787 S.W.2d 410 (Tex. Crim. App. 1990). Citing White v.
White, 108 Tex. 570, 196 S.W. 508 (1917), Watts argues that the Legislature cannot by
statute deprive the accused of a jury trial on the issue of insanity. In White, the Supreme
Court declared unconstitutional a statute that authorized an adjudication of insanity by a
commission, composed in whole or in part of physicians, to be appointed by the county
judge. Id. Our case is a criminal prosecution, not a mental health commitment. White
is factually distinguishable for a second reason, as the court noted "[t]he right to a jury
trial was not waived, but was asserted seasonably." Id. at 511. In our case, Watts
voluntarily waived his right to have issues of fact decided by a jury. "[T]he Legislature
is without power to deny the right of trial by jury, but is not without power to provide for
the waiving of such right." McMillan v. State, 122 Tex. Crim. 583, 585, 57 S.W.2d 125
(Tex. Crim. App. 1933). Point of error one is overruled. 

 Point of error two contends the trial court erred by failing to admonish the appellant
in accordance with Article 26.13(a)(1), (5), (h). See Tex. Code Crim. Proc. Ann. art.
26.13 (Vernon Supp. 2005). Watts pleaded not guilty. As the statute applies only to cases
in which the accused pleads guilty or no contest, their omission from the proceeding would
not be error. Point of error two is overruled. The judgments are affirmed.

 AFFIRMED.



 ______________________________

 STEVE MCKEITHEN

 Chief Justice

Submitted on June 30, 2005

Opinion Delivered July 13, 2005

Do Not Publish 


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Tex. R. App. P. 47.4.