NUMBER 13-04-00661-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


DONALD BUTLER, 

A/K/A DONALD R. BUCKNER, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 347th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Hinojosa



 A jury found appellant, Donald Butler, a/k/a Donald R. Buckner, guilty of the offense
of attempted arson and assessed his punishment at fifty years' imprisonment and a
$10,000 fine. In a single point of error, appellant contends (1) the evidence is insufficient
to support his conviction for attempted arson, (1) and (2) the evidence clearly establishes his
affirmative defense of renunciation. (2) We affirm.

A. Sufficiency of the Evidence


1. Standard of Review


 The standard of review for challenges to the legal and factual sufficiency of the
evidence is well settled. See Jackson v. Virginia, 443 U.S. 307, 319 (1979) (legal
sufficiency); Young v. State, 14 S.W.3d 748, 753 (Tex. Crim. App. 2000) (legal sufficiency);
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (factual sufficiency); Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (legal and factual sufficiency).

2. Analysis


 A person commits the offense of arson "if the person starts a fire, regardless of
whether the fire continues after ignition, or causes an explosion with intent to destroy or
damage any building, habitation, or vehicle, knowing that it is located on property belonging
to another." Tex. Pen. Code Ann. § 28.02(a)(2)(D) (Vernon Supp. 2005). A person
commits the offense of criminal attempt "if, with specific intent to commit an offense, he
does an act amounting to more than mere preparation that tends but fails to effect the
commission of the offense intended." Tex. Pen. Code Ann. § 15.01(a) (Vernon 2003).

 The indictment alleged that "Donald Butler, a/k/a Donald R. Buckner, defendant,
on or about June 10, 2004 in Nueces County, Texas, did then and there with specific
intent to commit the offense of arson against Maureen Sarver do an act, to wit: By pouring
gasoline on Maureen Sarver's house, which amounted to more than mere preparation that
tended but failed to effect the commission of the offense intended, against the peace and
dignity of the State."

 Appellant contends the evidence is insufficient to support the jury's finding that he
committed attempted arson. Specifically, appellant asserts the State failed to present
sufficient evidence to prove that he poured gasoline on the apartment building.

 Appellant admits that he poured gasoline around the building. Allen Tarble, a
neighbor of appellant who had been sitting outside the building, testified that appellant
warned him to leave because he was going to set the building on fire. Tarble further
testified that appellant poured gasoline on the bottom stairs of the inside foyer of the
apartment building, and then continued pouring gasoline outside on the ground around the
building. Tarble also testified that at the time appellant was pouring the gasoline, he saw
appellant holding a lighter. In addition, at least three witnesses, including two arresting
officers, testified that appellant possessed both a milk jug containing gasoline and a lighter.

 We conclude that any rational trier of fact could have found the essential elements
of the offense of attempted arson beyond a reasonable doubt. See Jackson, 443 U.S. at
319; Young, 14 S.W.3d at 753; Malik, 953 S.W.2d at 240. Accordingly, we hold that the
evidence is legally sufficient to support appellant's conviction.

 Appellant's only evidence to the contrary is his own testimony denying the
allegations. After viewing all the evidence in a neutral light, we conclude that (1) the
evidence is not so weak as to be clearly wrong and manifestly unjust and (2) the verdict
is not against the great weight of the evidence. See Johnson, 23 S.W.3d at 11; Malik, 953
S.W.2d at 240. Therefore, we hold the evidence is factually sufficient to support
appellant's conviction.

B. Renunciation


 Appellant asserts the evidence clearly establishes that he affirmatively renounced
his attempt to commit arson.

 We review whether a defendant has proved an affirmative defense by considering
whether the judgment, after considering all the evidence relevant to the issue at hand, is
so against the great weight and preponderance of the evidence as to be manifestly unjust. 
Tex. Pen. Code Ann. § 2.04(d) (Vernon 2005); Patel v. State, 787 S.W.2d 410, 411 (Tex.
Crim. App. 1990).

 Section 15.04 of the Texas Penal Code sets out the affirmative defense of
renunciation, as follows:

(b) It is an affirmative defense to prosecution under Section 15.02 or
15.03 that under circumstances manifesting a voluntary and complete
renunciation of his criminal objective the actor countermanded his
solicitation or withdrew from the conspiracy before commission of the
object offense and took further affirmative action that prevented the
commission of the object offense.


(c) Renunciation is not voluntary if it is motivated in whole or in part:


 (1) by circumstances not present or apparent at the inception of
the actor's course of conduct that increase the probability of
detection or apprehension or that make more difficult the
accomplishment of the objective; or


 (2) by a decision to postpone the criminal conduct until another
time or to transfer the criminal act to another but similar
objective or victim. 


Tex. Pen. Code Ann. § 15.04 (Vernon 2005).

 The affirmative defense of renunciation requires an affirmative showing of voluntary
repentance or change of heart. Thomas v. State, 708 S.W.2d 861, 864 (Tex. Crim. App.
1986). A renunciation is not "voluntary" if it results from the influence of other factors.
Chennault v. State, 667 S.W.2d 299, 304 (Tex. App.-Dallas 1984, pet. ref'd).

 Appellant contends he renounced his attempt to commit arson by walking away from
the apartment building. The record, however, shows that appellant did not walk away until
a neighbor knocked the lighter away from his hand. We conclude this evidence is
insufficient to show renunciation.

 It was reasonable for the jury to conclude by a preponderance of the evidence that
appellant's decision to walk away was not voluntary, but rather was the result of the
neighbor's action of knocking the lighter out of his hand and going to warn the other
neighbors. Accordingly, we hold the jury's verdict is not so against the great weight and
preponderance of the evidence so as to be manifestly unjust.

 Appellant's sole point of error is overruled. The judgment of the trial court is
affirmed.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this the 3rd day of August, 2006.

1. See Tex. Pen. Code Ann. § 28.02(a)(2)(D) (Vernon Supp. 2005); see also Tex. Pen. Code Ann. §
15.01(a) (Vernon 2003). 
2. See Tex. Pen. Code Ann. § 15.04 (Vernon 2003).