

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00158-CR

**RAYMOND MORRIS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2009-1288-C1**

## MEMORANDUM  OPINION

Raymond Morris was convicted of the offense of taking a controlled substance into a correctional facility.  TEX. PEN. CODE ANN. § 38.11(b) (Vernon 2003).  Morris was sentenced to forty (40) years' imprisonment.  Morris complains that the evidence was legally insufficient to prove that he was not delivering the methamphetamine to the jail's warehouse, pharmacy, or physician and that the evidence was legally insufficient for the trial court to have assessed attorney's fees and investigator's fees against him. Because we find that the evidence was sufficient to sustain the conviction, but that the evidence was insufficient to sustain the assessment of attorney's fees and investigator's

fees, we modify the judgment to delete the assessment of attorney's fees and investigator's fees. As modified, we affirm the judgment.

### *Legal Sufficiency*

Morris complains that the evidence was legally insufficient to sustain his conviction because there was no evidence that he was not delivering the drugs to the jail's warehouse, pharmacy, or physician. Morris contends that the State bore the burden of proof to establish the non-existence of those factors as exceptions pursuant to section 2.02 of the Penal Code and because the State did not, the evidence was legally insufficient. *See* TEX. PEN. CODE ANN. § 2.02 (Vernon 2003).

### *Standard of Review*

The Court of Criminal Appeals has determined that there is now only one standard for determining the sufficiency of the evidence, which is the standard as set forth in *Jackson v. Virginia*. *Brooks v. State*, No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240 (Tex. Crim. App. Oct. 6, 2010) (plurality op.). In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

### *The Offense*

Effective September 1, 2009, the Legislature amended section 38.11 of the Penal Code and created affirmative defenses to the offense regarding delivery of the

controlled substance to the warehouse, pharmacy, or physician.  Acts 1991, 72nd Leg., 2nd C.S., ch. 10, § 5.01, *amended by* Acts 2009, 81st Leg., ch. 1169, § 1, effective Sept. 1, 2009.  However, the offense in the instant case occurred on August 1, 2009, so we will use the section as of that date.  Section 38.11(c) of the Penal Code stated that it was an offense to "take … a controlled substance … into a correctional facility … except for delivery to a facility warehouse, pharmacy, or physician."  Acts 1991, 72nd Leg., 2nd C.S., ch. 10, § 5.01 (amended 2009).

Morris argues that "except for delivery to a facility warehouse, pharmacy, or physician" constitutes an exception pursuant to section 2.02 of the Penal Code.  As such, the State was required to negate the existence of the exceptions beyond a reasonable doubt.  TEX. PEN. CODE ANN. § 2.02(b) (Vernon 2003).  Section 2.02(a) states that:  "An exception to an offense in this code is so labeled by the phrase:  'It is an exception to the application of ….'"  Morris contends that although the language of section 38.11(b) does not contain this specific language, the Legislature's use of the word "except," taken with the amending of section 38.11 by deleting "except for delivery to a facility warehouse, pharmacy, or physician" from subsection (b) and adding subsection (e), which makes the delivery of a controlled substance to a jail's warehouse, pharmacy, or physician an affirmative defense, demonstrates that prior to the amendment these factors were an exception.

The State contends that because the specific language to create an exception required by section 2.02(a) was not used in section 38.11(b), the issue of whether taking the controlled substance into the jail was for the purpose of delivery to a warehouse,

pharmacy, or physician constitutes a defense to the statute rather than an exception. As such, the State did not have the burden to negate the existence of those issues and they were not submitted to the jury because there was no evidence of those as a defense. TEX. PEN. CODE ANN. § 2.03(b) & (c) (Vernon 2003). We agree. If the language of the statute in question is not plainly labeled as required by section 2.02, the matter is treated as a "defense" and the provision need not be negated by the State. *See* TEX. PEN. CODE ANN. §§ 2.02 & 2.03(e*); see Borkowicz v. State*, 802 S.W.2d 115, 117 (Tex. App.—Texarkana 1990, no pet.).

*The Facts*

Morris was arrested and brought to the jail for possession of drugs. He was strip searched when he was brought into the jail. After Morris was searched, an officer located a cigarette carton containing methamphetamine in the cell that he had occupied. The carton was not present prior to Morris being placed in the cell and was found after he was removed. There is no dispute that no evidence was presented regarding whether Morris was delivering the methamphetamine to a facility warehouse, pharmacy, or physician.

*Analysis*

It was not the State's burden to negate the defenses contained in section 38.11(b). Because there was no evidence that Morris was taking the methamphetamine into the jail in order to deliver it to a warehouse, pharmacy, or physician, the evidence was sufficient for the jury to have found Morris guilty of the charged offense. We overrule issue one.

*Attorney's Fees and Investigator's Fees*

Morris complains in his second issue that the evidence was insufficient to require him to repay his court-appointed attorney's fees and investigator's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Vernon Supp. 2010). In order to assess attorney's fees and investigator's fees as court costs, the trial court was required to determine that Morris had financial resources that would enable him to offset in part or in whole the costs of legal services provided. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Vernon Supp. 2010).

The clerk's record reflects the trial court found Morris was indigent and unable to afford the cost of legal representation and investigation before trial. Although there was no new evidence regarding his indigence, Morris was appointed an attorney for purposes of appeal after his conviction. Once Morris was initially found to be indigent, he was presumed to remain indigent for the remainder of the proceedings unless it was shown that a material change in his financial resources had occurred. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Vernon Supp. 2010). Furthermore, the record must reflect some factual basis to support the determination that Morris was capable of paying all or some of his attorney's fees and investigator's fees at the time of the judgment. *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.).

It is undisputed that the State did not present any evidence that Morris had financial resources that enable him to pay all or any part of the fees paid his court-appointed counsel or his court-appointed investigator. Further, the trial court did not make any fact-findings or otherwise address Morris's financial condition before

ordering him to pay the attorney's fees and the investigator's fees. Therefore, we conclude that the evidence was insufficient for the trial court to order Morris to pay his attorney's fees and investigator's fees. *See Mayer v.* State, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010).

The State argues that the trial court's determination should be reviewed under an abuse of discretion standard, and if determined to be an abuse of discretion, the issue of attorney's fees should be remanded to the trial court for the presentation of evidence. However, in *Mayer* the Court of Criminal Appeals stated that remand for the production of evidence is not appropriate when the evidence was legally insufficient regarding the ability to pay attorney's fees. *Mayer*, 309 S.W.3d at 557. Therefore, when the evidence does not support an order to pay attorney's fees and investigator's fees, the proper remedy is to delete the order. *Mayer*, 309 S.W.3d at 557. Accordingly, we modify the judgment to delete the order to pay the attorney's fees and the investigator's fees. We sustain issue two.

*Conclusion*

We find that the evidence was sufficient to sustain Morris's conviction. We find that the evidence was insufficient regarding the order for attorney's fees and investigator's fees. Therefore, we modify the judgment of the trial court to delete the assessment of $1,740.00 for attorney's fees and $1,098.49 for investigator's fees. As modified, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Judge Scoggins[1]
Modified, and as Modified, Affirmed
Opinion delivered and filed December 8, 2010
Do not publish
[CRPM]

---

[1] The Honorable Al Scoggins, Judge of the 378th District Court of Ellis County, sitting by assignment of the Chief Justice of the Supreme Court of Texas pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (Vernon 2005).