Donald N. HOWARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 40742.

Court of Criminal Appeals of Texas.

Nov. 1, 1967.

Joe Bob Brown, Amarillo, for appellant.

Gene Compton, Dist. Atty., Toby A. Priolo, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Theft By False Pretext over the value of $50.00; the punishment assessed by the jury at ten (10) years confinement in the Texas Department of Corrections.

Appellant's conviction stems from the passing of a worthless instrument as his payroll check. We do not deem a recitation of the facts necessary for a proper disposition of the grounds of error raised.

■ Appellant initially contends that his conviction for theft by false pretext under an ordinary theft indictment cannot stand, and that the court erred in overruling his motion to quash the indictment. It is this writer's opinion that, in all fairness, the indictment should allege an offense of theft by false pretext if that is the offense upon which the State expects to rely in order that an accused might properly be apprised of the charge upon which he is called to defend. Nevertheless, it is well established in this state that under an ordinary indictment for theft charging that the property was taken without the consent of the owner, a conviction may be had for theft even though the taking was with the consent of the owner if the proof shows that such consent was obtained by any false pretext and the property then appropriated. 5 Branch's Anno.P.C. 2d Ed. Sec. 2680, p. 126. Only recently this proposition of law was reaffirmed by this Court in Cameron v. State, Tex.Cr.App., 401 S.W.2d 809. See also Cameron v. Hauck, 383 F.2d 966 (5th Cir., Sept. 15, 1967).

■ The proof in the case at bar demonstrates a case of theft by false pretext. Therefore, appellant's first contention is without merit.

In his second ground of error appellant urges that the trial court erred in making a comment during the trial of the case which conveyed to the jury his opinion of the case.

The first two defense witnesses were appellant's wife and mother. Appellant's wife testified that after appellant had been placed in custody in Potter County he requested and received a visit from a psychiatrist.

■ After the mother was excused as a witness, the record reflects the trial judge said: "This is the first knowledge I have had of the psychiatrist the defendant's wife says he saw, and I think the record should reflect that. This is the first time I ever heard of his request for a psychiatrist."

Subsequently it appears in the record that appellant's court-appointed counsel had made arrangements for appellant, while in custody, to be examined by Dr. J. Y. Lara.

The remarks complained of were made immediately prior to the noon recess, and it is not clear from the record to whom they were addressed, or whether the jury was present or not. Appellant concedes that such remarks were not a comment on the weight of the evidence, but contends they were calculated to convey to the jury the judge's opinion of the case in violation of Article 38.05, Vernon's Ann.C.C.P. (former Article 707).

■ We find nothing in the court's remarks which was a benefit to the State or injurious to the appellant. To constitute reversible error in violation of Article 38.05, supra, the comment of the court must be such that it is reasonably calculated to prejudice the defendant's rights. Collins v. State, Tex.Cr.App., 376 S.W.2d 354; Martini v. State, Tex.Cr.App., 371 S.W.2d 387; Huckert v. State, 159 Tex.Cr.R. 368, 264 S.W.2d 121; Adams v. State, 165 Tex. Cr.R. 523, 309 S.W.2d 245.

■ It is observed that no objection was made to the trial judge's statements, nor was any request made to instruct the jury to disregard the same. No error is present-

ed. See Steese v. State, 170 Tex.Cr.R. 269, 340 S.W.2d 49.

In his third ground of error, if we understand the same, appellant claims that this cause should be reversed because the overwhelming weight of the evidence was in his favor on the issues of present insanity and insanity at the time of the commission of the alleged offense. Appellant who testified on his own behalf also called his wife, mother, sister and stepfather as defense witnesses, while the State relied upon the testimony of Dr. J. Y. Lara on these two issues.

Appellant overlooks the fact that the jury is the exclusive judge of the facts proved, credibility of the witnesses, and the weight to be given to the testimony. See Article 38.04, V.A.C.C.P. We deem the evidence sufficient to support the jury's verdict finding the appellant sane at both times.

The judgment is affirmed.