Regis Leo McCLORY, Appellant,

v.

The STATE of Texas, Appellee.

No. 48339.

Court of Criminal Appeals of Texas.

June 12, 1974.

Rehearing Denied July 2, 1974.

Charles W. Tessmer and Ronald L. Goranson, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

Appellant, in a trial before a jury, was convicted of aggravated assault upon a police officer. Punishment was assessed at 120 days confinement.

The record, viewed from the standpoint most favorable to the verdict, reflects that appellant, while riding on a motorcycle in Dallas, was stopped in front of his apartment building by a police officer in full uniform for a traffic violation. Appellant, who showed signs of having been drinking, resisted arrest, and made an assault upon the officer. After a brief struggle, appellant was subdued, handcuffed, and taken to the police station.

Appellant and his wife, who witnessed the events, testified to facts which raised an issue of self-defense. This issue was submitted in the court's charge.

In his second ground of error, appellant complains that a comment of the court during the State's final argument at the guilt stage unduly emphasized the argument that the court did not believe the defense presented.

In his fourth ground, appellant alleges error in the court allowing the State, over objection, to argue hypothetical facts not in the record.

During the State's jury argument at the guilt stage, the following is shown to have occurred:

"MR. ETHINGTON: . . . . Also in the charge, there's some talk about self defense. Simply because this is the charge that doesn't mean the judge be-

lieves it; it's in there because the Defendant raised that issue—

"MR. MARTIN (Defense Counsel): Objection, Your Honor; I object to his saying what the Judge believes about anything.

"THE COURT: He didn't say I did; he said I didn't. Overruled.

"MR. MARTIN: Note our exception.

"MR. ETHINGTON: Simple—excuse me. Because that self defense is in here is because the Defendant raised that issue, not because this Judge believes it. He has—the Judge has to give that to you. Let me tell you why in a hypothetical situation or case. Suppose the six of you are sitting there just like you are now, and I take this water pitcher—

"MR. HUGHES (Defense Counsel): Objection, Your Honor—

"MR. ETHINGTON: (Cont)—and smash it over Gibson's head—

"MR. HUGHES: (Cont)—he's getting out of the facts of the case.

"THE COURT: Overruled.

"MR. ETHINGTON: This is a hypothetical.

MR. HUGHES: (Cont)—This doesn't allow the Court to give a charge and I think that that's improper.

"THE COURT: And I overrule your objection.

"MR. HUGHES: Please note our exception.

"MR. ETHINGTON: In an illustrated case, in a hypothetical situation, I take this water pitcher and hit Mr. Gibson on the head with it and the six of you see it and we go to another court later on in time and I get up on the stand and I say I was defending myself. He was sitting there—you know he was just sitting there like he is right now, but I get

**934**

up there and I say, hey, I was defending myself. Well, then, that Judge is gonna have to put self defense in his— in my charge, too. So, that's why it's there . . . . "

██ It is a well established rule of law in this State that a trial judge should studiously avoid making any remark calculated to convey to the jury his opinion of the case or of any fact issue raised by the evidence. 56 Tex.Jur.2d, Trial, §§ 91–92, pp. 429, et seq. To constitute reversible error in violation of Article 38.05, Vernon's Ann.C.C.P., the comment must be such that it is reasonably calculated to benefit the State or prejudice the defendant's rights. Howard v. State, Tex.Cr.App., 420 S.W.2d 706; Collins v. State, Tex.Cr. App., 376 S.W.2d 354.

Article 38.05, V.A.C.C.P., provides as follows:

"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; *nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.*" (Emphasis added)

The above quoted portion of the record reflects that appellant objected to the State's "saying what the judge believes about anything." The court, instead of merely ruling upon the objection as he should have done, made a comment upon the complained of argument that the prosecutor did not say "I did—he said I didn't" (believe the self-defense plea), from which the jury could logically surmise that the court did not believe appellant's defensive issue of self-defense, but that such issue was submitted only because "the Defendant raised that issue," to quote from the State's argument. Especially is this true

since the court's statement was followed immediately by his ruling against appellant, and in permitting the State to repeat its argument concerning the court's "belief." Appellant took exception to the court's statement and ruling.

The likelihood of prejudice resulting from the court's comment to appellant's rights was increased by the argument of the State immediately following. Again, the jury was told that the self-defense instruction was in the charge "not because *this judge believes it*" but because "the judge has to give that to you." Objection was overruled, and the State proceeded to argue as above set forth.

██ We do not wish to be understood as holding that the State cannot, in plain language, explain how the jury instructions are developed. A prosecutor may *without referring to any belief of the trial court* properly advise the jury that any relevant testimony which raises a material fact issue will cause the court to submit a charge explaining the law on that issue. He may, in explaining the court's charge, give illustrations or analogies based on the record which would require certain legal instructions to be contained in the charge.

██ In Alejandro v. State, Tex.Cr. App., 493 S.W.2d 230, we held that to be within the stamp of approval jury arguments need to be within the area of (1) summation of the evidence; (2) reasonable deduction of the evidence; (3) answer to argument of opposing counsel, or (4) a plea for law enforcement. See, also, Stearn v. State, Tex.Cr.App., 487 S.W.2d 734. A reasonable and proper explanation of the law of the case as contained in the court's charge, and a reasonable latitude in giving illustrations, including hypothetical cases, concerning the application of such law to the evidence, are examples of the area included under (4) above. However, the prosecuting attorney must be very cautious not to bring before the jury any ref-

erence to any presumed opinion of the trial judge on any fact issue covered by the court's charge.

■ Likewise, the court may not use language reasonably calculated to be construed by the jury as sanctioning any statement of the prosecuting attorney which tends to nullify an instruction on the law of the case contained in the court's charge. Art. 38.05, V.A.C.C.P.; 5 Tex.Jur.2d, Appeal and Error, Criminal, § 435, p. 653; 56 Tex.Jur.2d, Trial, § 91, p. 429; Ward v. State, 156 Tex.Cr.R. 472, 243 S.W.2d 695; Hill v. State, 153 Tex.Cr.R. 105, 217 S.W. 2d 1009; Rodriquez v. State, Tex.Cr.App., 271 S.W. 380.

■ We hold that the improper comment of the trial court concerning the State's argument, when considered along with the remarks of the prosecuting attorney made before and after such ruling was reasonably calculated, when considered from the jury's standpoint, to benefit the State and thus to prejudice the rights of appellant, and constituted reversible error.

The judgment is reversed, and the cause is remanded.

Opinion approved by the Court.

DOUGLAS, Judge (dissenting).

The majority reverses this conviction first for a comment of the trial court. What occurred is set out in the majority opinion. There is no objection that there was a comment on the weight of the evidence. This Court has written many times that an objection to a comment on the weight of the evidence must be made to present the matter on appeal.

This gives a trial judge a chance to correct any error that he might have committed and not be reversed when the matter is mentioned for the first time on appeal. In Lee v. State, Tex.Cr.App., 454 S.W.2d 207, this Court held that an instruction to disregard any remarks of the trial judge cured the alleged error of the court in commenting on the weight of the evidence. See Howard v. State, Tex.Cr.App., 420 S.W.2d 706.

In the present case there was no comment on the weight of the evidence and this is apparently the reason why no such objection was made.

Let us look to the argument, the second reason for the reversal. The prosecutor gave a hypothetical case that would require a charge on self-defense. This was no misstatement of law. The prosecutor was giving an illustration. He was not asking the jury to convict upon evidence outside the record. He was not making a misstatement of the law. He was not telling the jury what the judge did or did not believe. He was stating in effect that, if the evidence raises a defense, the court must submit an instruction on that defense.

In Shaw v. State, Tex.Cr.App., 510 S. W.2d 926 on motion for rehearing, June, 1974), it is written by the majority:

"This Court has said so many times that whenever evidence is presented, no matter how slight or from what source, which raises an affirmative defense, the accused is entitled to have that charge presented to the jury."

The prosecutor was doing no more than telling the jury that, when the evidence raised an issue, the court should charge upon it.

The judgment should be affirmed.