Larry Donnell **DUNBAR**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 53253.

Court of Criminal Appeals of Texas.

May 18, 1977.
Rehearing Denied June 14, 1977.

Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., William M. Lamb, Clifford, Wayne Huff and Paul D. Macaluso, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an appeal from a conviction for voluntary manslaughter. Appellant was tried before a jury which assessed punishment at ten (10) years in the Texas Department of Corrections.

In his first ground of error appellant contends that the prosecutor made an improper comment during closing argument to the jury at the guilt or innocence stage of the trial. The remark was made during the following exchange:

"Now let me talk to you about some of the things the Court charged you on. Now, understand that I know that Mr. Macaluso explained to you in Voir Dire the fact that you have things in here on self-defense and voluntary manslaughter, doesn't mean that the Court believes that is what happened.

"MR. MITCHELL (Defense Attorney): Your Honor, I would object to any reference as to what the Court believes or does not believe. The Court does not comment on the evidence.

"THE COURT: I'll overrule the objection.

"MR. MITCHELL: Note our exception.

"MR. HUFF (Prosecutor): Now, folks, that means that you can consider what I am about to say. That doesn't mean that the Court believes that self-defense is really what happened or that voluntary manslaughter is really what happened.

"MR. MITCHELL: Your Honor, could I have a continuing objection to this argument?

"THE COURT: Yes you can have a running objection."

Relying on Article 38.05, Vernon's Ann.C.C.P. and *McClory v. State,* 510 S.W.2d 932 (Tex.Cr.App.1974), appellant contends that the prosecutor's argument prejudiced the jury by indicating that the trial court did not believe appellant's defense of self-defense.

Article 38.05, supra, provides as follows:

"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible, nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case."

In *McClory v. State, supra,* the prosecutor's remarks occurred during the following exchange:

"MR. ETHINGTON: . . . Also in the charge, there's some talk about self-defense. Simply because this is the charge that doesn't mean the judge believes it; it's in there because the defendant raised that issue—

"MR. MARTIN (Defense Counsel): Objection, Your Honor; I object to his saying what the Judge believes about anything.

"THE COURT: He didn't say I did; he said I didn't. Overruled."

We reversed the conviction, stating,

"The court, instead of merely ruling upon the objection as he should have done, made a comment upon the complained of argument . . . from which the jury could logically surmise that the court did not believe appellant's defensive issue of self-defense . . . ."

The improper comment of the trial court concerning the State's argument, when considered along with the remarks of the prosecuting attorney made before and after the court's ruling, constituted reversible error.

■ In the instant case the trial court did not, as in *McClory v. State, supra,* make any comment about the prosecutor's remark; but merely overruled appellant's objection to "any reference as to what the Court believes or does not believe." The *McClory* case is instructive on the issue of whether the prosecutor's comment alone is so prejudicial as to require reversal. Our opinion in *McClory* recites the rule that to be within the stamp of approval jury arguments need to be within the area of (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, or (4) a plea for law enforcement.

"A prosecutor may *without referring to any belief of the trial court* properly advise the jury that any relevant testimony which raises a material fact issue will cause the court to submit a charge explaining the law on that issue." *McClory v. State, supra,* at p. 934. Such advice, as well as any "reasonable and proper explanation of the law of the case as contained in the court's charge" would fall within the enumerated rules of jury argument.

■ The prosecutor's remarks in the instant case go beyond the standards set out above. The statements both before and after the court's ruling were direct references to the trial court's beliefs about the case. Under the rules set out above, such remarks constitute reversible error.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS, Judge, dissenting.

The majority holds that the prosecutor's comment concerning the court's charge was improper and reverses the conviction. The prosecutor merely commented in effect that, if the evidence raises the issue of self-defense, then the court must submit an instruction on that defense. Nothing stated in *McClory v. State,* 510 S.W.2d 932 (Tex.Cr.App.1974), warrants this reversal.

During final argument at the guilt-innocence phase of the trial, the following occurred:

"Now, let me talk to you about some of the things the Court charged you on. Now, understand that I know that Mr. Macaluso explained to you in Voir Dire the fact that you have things in here on self defense and voluntary manslaughter, doesn't mean that the Court believes that is what happened.

"MR. MITCHELL: Your Honor, I would object to any reference as to what the Court believes or does not believe. The Court does not comment on the evidence.

"THE COURT: I'll overrule the objection.

"MR. MITCHELL: Note our exception.

"MR. HUFF: Now, folks, that means that you can consider what I an about to say. That doesn't mean that the Court believes that self defense is really what happened or that voluntary manslaughter is really what happened.

"MR. MITCHELL: Your Honor, could I have a continuing objection to this argument?

"THE COURT: Yes, you can have a running objection.

"MR. MITCHELL: Thank you.

"MR. HUFF: *Now, that means the issue was raised by someone, in this case the Defendant, and it has to go in this charge. . . .*" (Emphasis added).

The majority correctly recognizes that *McClory v. State, supra,* is distinguishable on its facts from the instant case but concludes that the principles set forth therein are controlling. This Court in that case stated:

"We do not wish to be understood as holding that the State cannot, in plain language, explain how the jury instructions are developed. A prosecutor may *without referring to any belief of the trial court* properly advise the jury that

any relevant testimony which raises a material fact issue will cause the court to submit a charge explaining the law on that issue. . . ."

The Court then elaborated on this statement:

"In *Alejandro v. State*, Tex.Cr.App., 493 S.W.2d 230, we held that to be within the stamp of approval jury arguments need to be within the area of (1) summation of the evidence; (2) reasonable deduction of the evidence; (3) answer to argument of opposing counsel; or (4) a plea for law enforcement. * * * However, *the prosecuting attorney must be very cautious not to bring before the jury any reference to any presumed opinion of the trial judge on any fact issue covered by the court's charge.*" (Emphasis added). 510 S.W.2d at 934.

In the instant case, the prosecutor did not refer to any presumed opinion of the trial judge on either the self-defense issue or the involuntary manslaughter issue. Nor did he ask the jury to convict upon evidence outside the record. Nor did he make a misstatement of law. Nor did he tell the jury what the judge did or did not believe. He did no more than tell the jury that the judge should charge upon an issue when the evidence raises it and that the judge was not required to believe those issues so raised —here, self-defense and involuntary manslaughter.

In *Thomas v. State*, 519 S.W.2d 430 (Tex. Cr.App.1975), and numerous other cases, this Court has held that jury argument must either be extreme or manifestly improper or inject new and harmful facts to be prejudicial. The argument in the present case meets none of these criteria.

The judgment should be affirmed.