**Michael Wayne JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–83–0184–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 1984.

Clement Aldridge, Jr., Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before JACK SMITH, BASS and COHEN, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a conviction for aggravated robbery. A jury found the ap-

pellant guilty as charged, and the trial court, after being apprised that the appellant was on probation from another county, assessed the appellant's punishment at 40 years imprisonment. The appellant and his co-defendant, Mack Bernard Yates, were tried together, and this is a companion case to *Yates v. State*, 677 S.W.2d 211 (Tex. App.—Houston [1st Dist.], 1984). The appellant alleges three grounds of error on appeal, two involving reversible error in the charge, and the third involving the trial court's denial of appellant's right to present proper summation of evidence to the jury.

The appellant raises no grounds of sufficiency of the evidence; therefore, the pertinent facts will be covered in the respective grounds of error.

The appellant's first ground of error alleges that the trial court's charge to the jury contained reversible error in that he had been convicted on less proof than required by the allegations in the indictment. He asserts that the charge did not require that the property be taken from the *owner* as the indictment alleged, but merely that the property was taken from *another*. It appears that his complaint is that the indictment and the application paragraph of the charge vary from the abstract instructions in the charge.

The portion of the indictment about which the appellant complains stated in pertinent part, "while in the course of committing theft of *property owned by SANDY TALLEY* ..." In the abstract portion of the court's charge, the court instructed the jury:

Our law provides that a person commits the offense of robbery if, in the course of committing theft, as that term is hereinafter defined, and with intent to obtain and maintain control of *property of another* he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. (emphasis added).

Also in the abstract portion of the charge, the court defines theft as "the unlawful appropriation of the corporeal personal *property of another* with the intent to deprive such other person of said property." (emphasis added).

■ At trial the appellant made two objections to the charge. Neither are the same objections that he raises in this ground of error. Therefore, the alleged error which he now raises must be fundamental; otherwise, it has been waived. *See* Tex.Code Crim.Proc.Ann. art. 36.19 (Vernon 1981).

The Texas Court of Criminal Appeals has enumerated four types of fundamental error, which are:

1) an omission from the court's charge of an allegation in the indictment which is required to be proved;

2) when the charge to the jury substitutes a theory of the offense completely different from the theory alleged in the indictment;

3) when the charge to the jury authorizes a conviction on the theory alleged in the indictment and on one or more other theories not alleged in the indictment;

4) when the charge authorizes conviction for conduct which is not an offense, as well as for conduct which is an offense.

*Cumbie v. State*, 578 S.W.2d 732, 733–35 (Tex.Crim.App.1979).

■ The appellant's contention does not come within the scope of the four types of fundamental error enumerated in *Cumbie*, 578 S.W.2d at 733–35. We hold that there was not fundamental error in the court's charge and the appellant has waived the contention he makes in his first ground of error. The appellant's first ground of error is overruled.

In his ground of error number three, the appellant complains that the trial court's charge erroneously neglected to include in its application paragraph the constituent elements of theft. The appellant relies on *Young v. State*, 621 S.W.2d 779 (Tex.Crim. App.1981). *Young* and the cases upon which it relies were overruled in *Woods v. State*, 653 S.W.2d 1 (Tex.Crim.App.1983) (op. on reh'g).

The appellant was indicted and convicted for the offense of aggravated robbery, not the underlying offense of theft. It is not necessary to include the constituent elements of theft in the application paragraph of the charge, where theft is an underlying offense. *Linville v. State,* 620 S.W.2d 130 (Tex.Crim.App.1981). In the instant case, the indictment and the charge contained every applicable statutory prescribed element of the offense of aggravated robbery. The appellant's third ground of error is overruled.

In his ground of error number two, the appellant alleges that the trial court erred in denying him the right to present proper summation of the evidence to the jury. He first complains about the following ruling by the court:

STATEMENT BY DEFENSE COUNSEL: Mr. Talley said he was more interested in their clothes. I would point out to you, however, that Mr. Talley had an occasion to view a lineup and it doesn't seem right to me a person would be going to a lineup if the only thing he was looking at was the clothes. We know he wasn't going to identify clothing, *but we are in this adversary proceeding. Mr. Talley for whatever reasons, feels these two individuals are guilty.* (emphasis added).

PROSECUTOR: Objection. There is no evidence of that. This is not adversary as far as the witnesses are concerned and I object to the continued reference.

THE COURT: Sustained.

He next complains about the court's denying his right to properly summarize the evidence as follows:

DEFENSE COUNSEL: You recall the testimony of Officer Luke Cemino. Officer Cemino testified when the investigative procedure that took place out there at Cliffwood—on cross examination I tried to find out when he had gotten the wallet with the identification and so forth out of the car. Well, we were finally able to pin it down that first he went to the house, then he went to the car, then he went back to the house. There never was mention of any photographs being found in that car. There was never mention of photographs being found in the car. They talked about all the identification. I think someone referred to a Social Security card being found in that car. Well, it wasn't anywhere to be found. But what was found and not mentioned was this picture of Mr. Mack Yates—I'm sorry, of Mr. Michael Wayne Jones. I had problems sleeping and thinking about that last night, just what happened. *I know exactly what happened. When the officer went back and talked with that lady he had that photograph with him. That lady had an opportunity to see that photograph and when she was shown photographs at a later time she remembered that photograph.* The officer testified—

MR. MCCARTHY: Object to, one, as to what he knows. That is improper and he knows there is no evidence to support what he said.

MR. ALDRIDGE: I respectfully take the position I can draw some reasonable conclusion from the evidence that has been presented.

THE COURT: You are correct about that, sir, and Mr. McCarthy's objection will be sustained. The jury is instructed to disregard and not consider it for any purpose whatsoever. (emphasis added).

In the first instance, the appellant is complaining about his not being able to refer to Mr. Talley's feelings toward the two defendants in the case. The appellant characterized Mr. Talley as an adversary. Mr. Talley was the complainant's husband and was probably a hostile witness as far as the defendants were concerned, but he was not in the posture of an adversary. Furthermore, there is no testimony concerning Mr. Talley's feelings.

Counsel may, during final argument, draw from those facts and evidence fair and legitimate reasonable deductions, so long as the argument is supported by the evidence and offered in good faith. *Vaughn v. State,* 607 S.W.2d 914 (Tex. Crim.App.1980). Appellant's reference to

Mr. Talley as an adversary was incorrect, and the trial court properly sustained the State's objection to this statement. Also, appellant's reference to Mr. Talley's feelings, which were not in evidence, was also error and the trial court properly sustained the State's objection to this statement.

■ With regard to the appellant's second complaint, it is well settled that the approved general areas of jury argument, upon which all proper arguments must fall are: 1) summation of the evidence; 2) reasonable deduction from the evidence; 3) answer to argument of opposing counsel; and 4) plea for law enforcement. *Dunbar v. State*, 551 S.W.2d 382 (Tex.Crim.App. 1977). Appellant's statement that "I know exactly what happened" was not a summation of the evidence, was not a reasonable deduction from the evidence, and was not an answer to argument of opposing counsel. Appellant's counsel was stating his own personal feelings and the trial court properly sustained the objection.

Appellant's counsel's other statement was "that lady had an opportunity to see that photograph and when she was shown photographs at a later time she remembered that photograph." The prosecutor properly objected by saying: "... that is improper and he knows there is no evidence to support what he said." Appellant's counsel argued that he could draw reasonable conclusions from the evidence.

■ The record reflects that within a short time after the robbery, Yates was brought back to the complainant's home and the complainant made a positive identification of Yates, as one of the men who had robbed her. Several days later, the complainant made a photographic identification of the appellant as the other person who had participated in the robbery. Appellant's counsel's argument indicates that the complainant had an opportunity to see the photograph of the appellant when the arresting officer went back to the complainant's house on the day of the robbery. He argues that as result of seeing that photograph, the complainant remembered the photograph when she was later shown

other photographs by the police. There was no evidence to support appellant's counsel's statement that it was a reasonable deduction. This statement by the appellant's counsel does not fall with the approved general areas of jury argument as set out in *Dunbar, supra.* The appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.