**Robert Carl COOPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–94–00171–CR.**

Court of Appeals of Texas,
Tyler.

Oct. 30, 1995.

John Heath, for appellant.

Robert A. Goodwin, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

The jury convicted Robert Cooper of attempted murder, assessed his punishment at 20 years in prison and assessed a $10,000.00 fine. Both Robert Cooper and his brother, Roger, were indicted as co-defendants, and Roger was convicted of attempted murder prior to Robert's trial. In four points of error, Robert contends that the court erred when it failed to instruct the jury on the issue of defense of third persons and when it made improper comments in the presence of the jury. We will affirm.

On the afternoon of March 24, 1993, Robert and Roger Cooper were attending a birthday party in Center, Texas, along with forty to seventy-five other people. Among the invited guests was the complainant, Charles Standley, who had previously threatened that neither Robert nor his brother "would live until January." Roger and Robert gave conflicting stories about Standley's animus toward them. According to Roger, Standley had accused Robert of telling Standley's wife that her husband had been unfaithful to her. Roger claimed that he and Standley were close friends prior to this incident. According to Robert, two to three weeks prior this incident, Standley had driven into his driveway with a .22 caliber rifle in the front seat of the car and had threatened

to "whip his ass" for having an affair with Standley's wife.

On March 24th, Standley arrived at the birthday party at approximately 4:30 p.m. and stayed until around 6:00 p.m. During that time, Roger overheard Standley make comments to Stacy Johnson about a gun. As Standley left the party, he turned to Roger and said, "that goes for you and your brother and I'll be right back." Within minutes, Roger told his brother about the conversation that he had overheard and they left the party to get their guns. With guns in hand, the Cooper brothers returned and stood by Robert's car to wait for Standley.

As Standley approached riding his bicycle, they noticed that he had put on a jacket, which they suspected was an attempt to hide a gun. Robert asked Standley, "what's up, nigger?" Standley stopped his bicycle, made a gesture toward his jacket and replied, "you, nigger." Thinking that Standley was putting his hand in his jacket to get a gun, both Robert and Roger Cooper began to shoot. Roger admitted that he fired his .25 caliber pistol twice hitting Standley once in the head. Robert admitted that he fired his .44 magnum pistol four times hitting Standley once in the backside of his thigh. According to Standley, Robert stood over him and fired the last shot at close range and then proceeded to shoot parts from Standley's bicycle. At trial, various witnesses testified that the distance between Standley and the Cooper brothers ranged from three feet to fifteen feet when the Coopers began shooting. Both Roger and Robert stated that they shot Standley because they were in fear for their lives.

■ In his first two points of error, Robert contends that the court erred when it refused to include an instruction in the charge on the issue of defense of third persons. The court instructed the jury on the issue of self defense. Under certain circumstances, the defendant is entitled to an additional instruction on the issue of whether the defendant acted in defense to protect a third person. Section 9.33 of the Penal Code states that a person is justified in using force or deadly force against another to protect a third person if the evidence reveals that the

actor reasonably believed that his intervention is immediately necessary to protect the third person. TEX.PENAL CODE ANN. § 9.33(2) (Vernon 1992); *Campbell v. State,* 614 S.W.2d 443, 445 (Tex.Cr.App.1981). Critical to the issue of whether a defendant is entitled to an instruction is whether there is any evidence that the defendant reasonably believed that his action was *immediately* necessary to protect a third person. TEX.PENAL CODE ANN. § 9.33(2).

In this case, the record is void of any threats that were made by Standley to Roger or any other person. Standley did not threaten to harm either Robert or Roger Cooper with deadly force at the birthday party and had not displayed any kind of weapon that day. Standley was an invited guest and could return to the party. When he did return, Standley was not riding his bicycle toward the Coopers in a threatening manner, but was merely riding down a bumpy road with both hands on the handlebars. Robert initiated the insulting comments at Standley before Standley put one hand toward his jacket. Both Robert and Roger opened fire on Standley at the same time. After Standley was shot in the head and thrown to the ground, Robert approached Standley and continued to shoot him and his bicycle. The issue of whether Robert reasonably believed that his intervention was imminent to protect a third person was never raised. *See Hughes v. State,* 719 S.W.2d 560 (Tex.Cr.App.1986). Any prior threats that Standley had made to Robert were too remote to meet the immediacy requirements of TEX.PENAL CODE ANN. § 9.33(2); *McDonald v. State,* 597 S.W.2d 365, 367 (Tex.Cr.App. 1980). Robert's subjective belief that Standley "might" have shot a third party was insufficient to raise the issue. *Brooks v. State,* 548 S.W.2d 680, 684 (Tex.Cr.App.1977); *Pena v. State,* 635 S.W.2d 912, 914 (Tex. App.—Eastland 1982, no pet.). Even when viewed in the light most favorable to Robert, we hold that the testimony does not raise the issue of defense of a third person; therefore, his contention that the court erred in not submitting such an instruction is untenable. Points one and two are overruled.

In his third point, Robert contends that the trial court violated Article 38.05 of the Code of Criminal Procedure when it commented on the evidence that had been offered at the guilt/innocent phase of the trial. At trial, Roger had been testifying about his version of the shooting incident. Robert's attorney had objected to a portion of the testimony and the court had sustained the objection. In the presence of the jury, the judge then stated:

> THE COURT: All right, that objection will be sustained. Ladies and gentlemen of the Jury, you'll disregard the answer to the question concerning where he shot the *victim.*

(Emphasis added)

Robert's counsel moved for a mistrial stating that the judge's reference to the complainant as the "victim", was highly prejudicial and a comment on the weight of the evidence. The court denied the motion for mistrial. On appeal, Robert cites *McClory v. State,* 510 S.W.2d 932 (Tex.Cr.App.1974), in support of his position. In *McClory,* the appellate court reversed the appellant's conviction after the trial court made a comment to the jury concerning the reason that a self-defense issue was present in the charge. *Id.* It held that the trial court's comment prejudiced the defendant because it was reasonably calculated to benefit the State. However, the facts in this case are not analogous to the facts in *McClory.*

Article 38.05 of the Tex.Code Crim.Proc. Ann. provides:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark *calculated to convey to the jury his opinion of the case.*

(Emphasis ours)

Tex.Code Crim.Proc.Ann. art. 38.05 (Vernon 1979). Here, the court's statement appears to be inadvertent and lacks any premeditated intent to comment on the evidence and prejudice Robert's rights. At the time that the court made the statement, Roger was testifying. At that time, Roger had plead guilty to the offense of attempted murder; therefore, Standley was the "victim" of an offense in which Roger had been convicted. When a convicted perpetrator gives testimony regarding events that are the basis of the perpetrator's conviction, the court's reference to the complainant in that crime as a "victim" is an accurate statement. Point number three is overruled.

In the last point, Robert again invokes the provisions of Article 38.05 and argues that the court commented on the weight of the evidence as follows:

> Q. [BY THE PROSECUTOR] That you intentionally and knowingly used a deadly weapon, to-wit: a firearm to shoot Charles Standley?
>
> A. [BY APPELLANT] Out of self-defense, yes.
>
> Q. I believe somebody else will answer that question for you.
>
> [BY ROBERT COOPER'S COUNSEL]: Judge, that's improper. That's argumentative and that's not a question and it's improper. I'd ask that the jury be instructed to disregard counsel's sidebar remark to the witness.
>
> THE COURT: Ladies and gentlemen of the jury you will disregard the last comment made by counsel for the State. *However, I don't believe the witness has answered the question yet.* Mr. Goodwin, if you'd like to repeat the question to him.
>
> Q. [BY THE PROSECUTOR]: Did you or not intentionally and knowingly use a firearm, to-wit: a deadly weapon, to shoot Charles Standley?
>
> [BY ROBERT COOPER'S COUNSEL]: Your honor, may we approach the bench a moment?
>
> THE COURT: Yes, sir.

A conference is conducted at the bench between counsel and the court.

> [BY ROBERT COOPER'S COUNSEL]: Your honor, we at this time would respectfully request a mistrial, certainly it's inadvertent but I believe the court's comment was a comment upon the evidence and the testimony, and I believe it was quite harm-

ful. I believe the record would reflect that, your honor, the second time he was asked by Mr. Goodwin did you intentionally and knowingly shoot Charles Standley and he said "Out of self-defense, yes". That would have been an answer, Judge, and I believe the Court's comment "he has not answered the question" is a comment on the evidence in the case and we respectfully request a mistrial at this time.

THE COURT: I didn't understand the witness to say yes.

[BY THE PROSECUTOR]: I understood him to say "in self-defense".

[BY ROBERT COOPER'S COUNSEL]: He said "yes".

[BY THE PROSECUTOR]: Well, that's going along the line—

THE COURT: I didn't understand it but at any rate the motion for mistrial will be denied.

[BY ROBERT COOPER'S COUNSEL]: Yes, your honor.

Roberts points to the provisions of Article 38.05 and claims that the trial court improperly commented on the evidence after the State made a "side bar" remark. *See* TEX. CODE CRIM.PROC.ANN. art. 38.05 (Vernon 1979). We do not agree that the above is a comment on the weight of the evidence or that harm arose out of the preceding sequence of events. The court only asked Robert to repeat his answer after the prosecutor repeated the question. We hold that the court's comment was not error and was not "calculated to convey to the jury his opinion of the case." TEX.CODE CRIM.PROC.ANN. art. 38.05 (Vernon 1979). The fourth point is overruled.

The judgment of the trial court is **affirmed.**