No. 04-99-00037-CR

Florencio De Jesus LOPEZ,

Appellant

v.

The STATE of Texas,

Appellee

From the 144th Judicial District Court, Bexar County, Texas 

Trial Court No. 98-CR-2432

Honorable Susan D. Reed, Judge Presiding

Opinion by: Tom Rickhoff, Justice

Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Alma L. López, Justice

Delivered and Filed: October 20, 1999

AFFIRMED

 Appellant, Florencio De Jesus Lopez, was convicted of aggravated sexual assault and
indecency with a child. He was sentenced by a jury to 20 years and 15 years respectively;
sentences to run concurrently. On appeal, he argues that he received ineffective assistance of
counsel at both the guilt/innocence phase of the trial and the punishment stage of the trial. We will
affirm the judgment of the trial court. 

Facts and Background

 On October 6, 1997, Esmeralda Lopez, complainant, disclosed to her parents that her cousin,
appellant, had raped her approximately two years ago. Complainant reported that on several
occasions, beginning when she was ten, appellant had sexual contact with her and threatened her to
keep her quiet. On October 20, 1997, Dr. Shirley Menard, Ph.D., examined complainant. During
the physical exam Dr. Menard made two significant findings: (1) Complainant had a cloudy vaginal
discharge; and (2) there was a cleft in complainant's hymen. Dr. Menard concluded that her findings
were consistent with complainant's story. Appellant was represented at trial by Attorneys Jesse
Campos and Joe Hernandez. The complainant, her mother, and expert witness Dr. Menard testified
for the State. The defense presented testimony from the appellant, his brother, and his parents.
Appellant hired new counsel on appeal, and timely filed and presented a motion for new trial in
which he raised claims of ineffective assistance of counsel. The motion for new trial was denied.
He now appeals the judgment of the trial court.

Standard of Review

 The criteria for assessing ineffective assistance of counsel has been set forth by the United
States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). The Strickland test focuses
on reasonableness, measuring the assistance received against the prevailing norms of the legal
profession. See Id. at 690. Appellant must prove: that his counsel's representation was deficient; and
that the deficient performance was so serious that it prejudiced his defense. See McFarland v. State,
928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Counsel is presumed to have rendered adequate
assistance, and it is incumbent on the defendant to identify those acts or omissions which do not
amount to reasonable professional judgment and are outside the "range of professionally competent
assistance." Cunningham v. State, 982 S.W.2d 513, 521 (Tex. App.-San Antonio 1998, no pet.). To
show prejudice, the appellant must show "a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S.
at 694. In reviewing this determination, we consider the totality of the evidence before the jury. See
McFarland, 928 S.W.2d at 500. If appellant fails to make the required showing of either deficient
performance or sufficient prejudice, the claim of ineffectiveness is defeated. See Id. at 500. 

Ineffective Assistance of Counsel

 Appellant complains of ineffective assistance during the guilt/innocence phase and during
the punishment phase of the trial. He also complains that his attorneys entirely failed to subject the
prosecution's case to meaningful adversarial testing; thus, appellant was denied counsel as provided
by the Sixth Amendment to the United States Constitution. We first address counsel's alleged
ineffective assistance at the guilt/innocence phase of the trial.

 Appellant raises five specific instances of alleged deficient performance during the
guilt/innocence phase of the trial. He alleges the following: Counsel failed to adequately prepare for
trial by failing to consult with an expert for the purpose of examining the State's medical evidence
against him, and by failing to call a witness who was available to testify about the abuse the
complainant has suffered at the hands of her stepfather; that counsel was ineffective during cross-examination when he elicited testimony from the State's expert witness regarding the truthfulness
of child sex abuse complainants as a class of persons; that counsel failed to properly object to the
trial court's characterization of the complainant as a "victim witness" in the presence of the jury; that
counsel failed to properly object to the State's inquiries into his character, namely, highly prejudicial
inquiries and characterizations regarding his sexual practices; and that counsel was deficient by
negating the presumption of innocence during counsel's closing argument. 

 Facts relevant to counsel's effectiveness were developed at the evidentiary hearing on
appellant's motion for new trial. At the hearing, appellant introduced the testimony of Ms. Sonja
Eddleman, a forensic nurse, for the purpose of examining Dr. Menard's testimony at trial. Ms.
Eddleman testified that she found no corroborating evidence supporting complainant's allegation.
In addition, appellant testified that he had a witness who would have testified that complainant had
confided in her that the allegations of sexual assault were not true. Finally, appellant introduced
evidence of past reported abuse on the complainant by her stepfather. The parent was reported to
the Child Protective Service in 1993 because complainant was spanked with a belt and it left bruises.
Appellant argues that had his counsel at trial properly investigated and prepared for trial this
evidence would have been presented at trial. 

 It is fundamental that an attorney must acquaint himself with both the law and the facts of
a case before he can render reasonably effective assistance of counsel. See Flores v. State, 576
S.W.2d 632, 634 (Tex. Crim. App. 1978). "Counsel has a duty to make reasonable investigations
or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466
U.S. at 691.

 In Winn v. State, 871 S.W.2d 756 (Tex. App.-Corpus Christi 1993, no pet.), the court
concluded that counsel's failure to locate an expert forensic witness was a deficient performance.
However, in that case trial counsel testified at an evidentiary hearing concerning appellant's
allegations. Id. at 761. The court did not understand counsel's explanation and found that based on
that reasoning, counsel's performance was deficient. In our case, trial counsel did not testify in any
post-trial hearings. There is nothing in the record that explains whether counsel sought an expert
witness, whether he had knowledge of the CPS report, or why he did not present any of this
evidence. 

 A claim of ineffective assistance of counsel must be firmly grounded in the record and the
record must affirmatively demonstrate the alleged ineffectiveness. See McFarland, 928 S.W.2d at
500. Where the record is silent, we will not engage in speculation as to the motives of counsel. See
Castoreno v. State, 932 S.W.2d 597, 603 (Tex. App.-San Antonio 1996, pet. ref'd). Therefore, the
presumption that counsel rendered adequate service and properly investigated prevails. See Id. at
603.

 Appellant also alleges that his trial counsel was ineffective for eliciting testimony from the
State's expert witness favorable to the State. During cross-examination, counsel asked Dr. Menard
what percentage of children she has interviewed for child abuse were not telling the truth. After she
responded very few, he asked her if it was ten to twenty percent. She responded that it was not even
close to one percent. 

 Counsel was apparently trying to establish that between ten to twenty percent of children lie
in child abuse cases. His attempt produced damaging evidence to appellant. However, "any error
in trial strategy will be deemed inadequate representation only if counsel's actions are without any
plausible basis." Ex Parte Burns, 601 S.W.2d 370, 372 (Tex. Crim. App.1980). While counsel's
attempt was ill-fated and perhaps ill-conceived, it was not implausible. There is nothing in the
record to support a claim that counsel's actions amounted to ineffective assistance. 

 Before the complainant was called to the witness stand, the trial judge referred to the
complainant as the "victim-witness" in the presence of the jury. Appellant argues that trial counsel
was ineffective in failing to object to the court's characterization. A comment from the trial judge
calculated to convey to the jury the judge's opinion of the case can be reversible error. See Becknell
v. State, 720 S.W.2d 526, 531 (Tex. Crim. App. 1986). However, a court's reference to the
complainant as "victim" is not necessarily a comment on the weight of the evidence. See Cooper v.
State, 910 S.W.2d 605, 607 (Tex. App.-Tyler 1995, no pet.). Even if this comment was calculated
to convey to the jury the trial judge's opinion on the case, errors of this type can be readily cured
with a proper jury instruction. See Moore v. State, 907 S.W.2d 918, 923 (Tex. App.-Houston [1st
Dist.] 1995, pet. ref'd.). As a trial strategy, counsel could have purposefully failed to object to the
relatively harmless characterization in order to bring less attention to the trial judge's inadvertent
comment. See Castoreno, 932 S.W.2d at 603. 

 Appellant also alleges that trial counsel failed to object to the prosecutor's inquiries regarding
appellant's sexual history. Specifically, the prosecutor asked if appellant had any sexual relations
with "those young Mexican girls," and the prosecutor asked appellant if he found complainant
attractive. Appellant answered that he dated one girl, Lucy Hernandez of Acuna, Mexico, and that
he was not attracted to complainant, but thought of her only as his cousin. There is no reason to
believe that this information was harmful and counsel did not purposefully choose not to object.
Therefore, appellant fails to demonstrate how his counsel's failure to object was harmful to his
defense.

 Finally, appellant alleges that trial counsel was ineffective during the guilt/innocence phase
of the trial by erroneously shifting the burden of proof during his closing argument. Appellant's
counsel, Campos and Hernandez, chose to share time on their closing argument for him. In
Campos's portion of the closing argument, he examined the burden of proof in aggravated sexual
assault cases. Campos stated that in reality, because of the nature of the crime appellant was
convicted of, he had the burden of proving him innocent. Hernandez in return reminded the jury of
the correct burden of proof to be applied and that defendants are presumed innocent. Counsel's
strategy was apparently to have the jury examine their own prejudices against appellant. Counsel's
strategy during closing argument was within the boundaries of reasonable professional assistance. 


 At the punishment phase of the trial, appellant alleges two specific instances in which he
received ineffective assistance of counsel. He alleges that counsel was deficient by failing to object
to the prosecutor's calls during closing argument for a particular result from the community, namely,
denial of probation, and by negating the appellant's theory of defense during the closing argument.
 The criteria used for assessing ineffective assistance of counsel at the punishment phase of
the trial is the same as the criteria used during the guilt/ innocence phase. See Hernandez v. State,
988 S.W.2d 770 (Tex. Crim. App. 1999). Thus, appellant's allegations are subject to the two prong
test of Strickland. Id at 770.

 Proper jury arguments fall into four categories: summation of the evidence, reasonable
deduction from the evidence, response to opposing counsel's argument, and plea for law
enforcement. Jury argument is improper when it refers to the community's expectations for a
particular result. Cortez v. State, 683 S.W.2d 419, 420-421 (Tex. Crim. App. 1984). Appellant
argues that the prosecution appealed to community expectations during its closing argument; and
therefore, presented an improper argument to the jury. However, the State's closing argument was
not improper. No part of the prosecutor's argument asked the jury to assess a particular punishment
because the community expected, desired, or demanded such a result. The prosecutor's argument
is more appropriately characterized as a plea for law and order and not a plea for the jury to punish
upon public sentiment. See Barcenes v. State, 940 S.W.2d 739, 749 (Tex. App.--San Antonio 1997,
pet. ref'd). As the argument was not improper, trial counsel was under no obligation to object. 

 Appellant's next argument is that counsel was deficient by negating appellant's theory of
defense during closing argument. Appellant presents no authority to support this argument. We find
that informing the jury that appellant could have plead guilty and let a judge assess penalty but
instead took a chance with a jury is not ineffective assistance. Trial counsel was merely trying to
demonstrate that they took a chance with a jury based on a belief in the innocence of appellant and
that they would get a reasonable and fair jury to assess punishment.

 In appellant's final issue, he argues that trial counsel was so deficient as to entirely fail to
subject the prosecution's case to meaningful adversarial testing; and thus, denied him his Sixth
Amendment right to counsel. Appellant argues this based upon the alleged errors already discussed.
However, after applying the Strickland test we found these alleged errors do not amount to
ineffective assistance. See Hernandez, 988 S.W.2d at 772 (considering Strickland to be the
controlling authority for all ineffective assistance of counsel claims). Therefore, looking at the
totality of representation we cannot say that trial counsel's actions so undermined the proper
functioning of the adversarial process that the trial cannot be relied upon as producing a just result.
Cunningham, 982 S.W.2d at 524.

 Finding no reversible error, we affirm the judgment of the trial court.

 Tom Rickhoff, Justice

Do Not Publish