**Affirmed and Memorandum Opinion filed February 1, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00555-CR

---

### MARLON BRANDON VALDEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1622557**

---

### MEMORANDUM OPINION

Appellant Marlon Brandon Valdez appeals his capital murder conviction, arguing the trial court reversibly erred by refusing his request for a jury instruction on self-defense and defense of third person. We affirm.

### BACKGROUND

In February 2019, Appellant's classmate Liliana gave him a ride home. This caused an argument between Liliana's boyfriend, Isaac, and Appellant. Following

the argument, Isaac and Appellant set up a fistfight; Appellant told Isaac to meet him at a "settling point" in the Eastbrook neighborhood. Appellant arrived with "his people" and Isaac arrived with "his people." However, Appellant was surprised when his friend, Josue, and Josue's brothers also came to the fistfight. Appellant and Isaac started fighting, but Appellant slipped and fell. While he was on the ground, Josue and his brothers started kicking and stomping on Appellant. Appellant sustained injuries to the head. He was surprised that Josue stomped on him; he felt betrayed and hurt because he thought he and Josue were friends.

About thirty minutes after the fight, Josue posted a video on social media and also sent it to Appellant. In the video, Josue and others were holding guns and stated "you are lucky we fought you, next time we'll smoke you." Shortly thereafter, Appellant called his friend Marcos and asked him if "he knew someone." Appellant believed that "when sh** like this happens, you need [to recruit] the meanest, baddest people because you may go down." Marcos told Appellant, "yeah, my cousin does it. . . . He is down." Thereafter, Appellant and Josue decided to "finish this" and Appellant suggested they "meet again at the same spot" in Eastbrook. They agreed to meet a couple of days after the first fight on February 21, 2019.

Appellant arrived at the meeting place with a getaway driver. Appellant was on the phone with Josue, telling Josue where to meet in a cul-de-sac. Per Appellant's directions, Josue, his two brothers Maximo and Julio, and his girlfriend arrived in one car at the agreed location to continue the fistfight. In another vehicle, Isaac and two friends arrived as well. As soon as Josue and Maximo exited the car, they were shot numerous times by a shooter who had been waiting on the roof of one of the houses. The shooter shot at both vehicles' passengers over 30 times. Josue and Maximo died from gunshot wounds. While

2

trying to save Josue and Maximo, Julio and Josue's girlfriend sustained non-fatal gunshot wounds.

Appellant denied being the shooter on the roof and claimed that Marcos' cousin was the shooter. Appellant claimed he only set up the plot and was hiding behind a fence and waiting for Marcos to bring him the rifle for safekeeping after Marcos was done shooting. Appellant alleged he only meant to scare Josue but that Marcos' cousin shot Josue and his brother. However, Appellant told his friend after the shooting that he was the one who shot and killed Josue and Maximo.

Appellant was charged with capital murder. A jury found Appellant guilty as charged, and the trial court assessed his punishment at life imprisonment. He filed a timely notice of appeal.

## ANALYSIS

Appellant presents two issues on appeal, arguing that he suffered some harm because the trial court erroneously refused to include an instruction on self-defense and defense of third person in the jury charge.

## I. Self-Defense Instruction

In his first issue, Appellant contends that he "suffered some harm by the trial court's refusal to include a self-defense instruction in the jury charge." In a footnote, Appellant claims he preserved his complaint for review. The State counters that Appellant failed to preserve his argument for appellate review because he "did not articulate to the trial court that he wished to have a self-defense instruction in the jury charge." Based on the record before us, we agree with the State.

### A. Preservation

The court of criminal appeals reaffirmed in *Williams* that a defendant must

preserve in the trial court a complaint regarding submission of a defensive issue in the jury charge to present the complaint for appellate review. *See Williams v. State*, 662 S.W.3d 452, 461 (Tex. Crim. App. 2021). With respect to jury instructions, the trial court has an absolute *sua sponte* duty to prepare a jury charge that accurately sets out "the law applicable to the specific offense charged." *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007); *see Williams*, 662 S.W.3d at 461. But it does not inevitably follow that the trial court has a similar *sua sponte* duty to instruct the jury on all potential defensive issues. *Delgado*, 235 S.W.3d at 249. Because requests for defensive instructions frequently depend upon trial strategy and tactics, they are not considered "the law applicable to the case." *Williams*, 662 S.W.3d at 461. Thus, unrequested defensive instructions are still subject to ordinary rules of procedural default. *Id*.; *Posey v. State*, 966 S.W.2d 57, 61-62 (Tex. Crim. App. 1998) (en banc). "A defendant cannot complain for the first time on appeal about the lack of a defensive instruction absent preservation of the error." *Williams*, 662 S.W.3d at 461.

The court of criminal appeals affirmed that preservation must follow Texas Rule of Appellate Procedure 33.1, which provides that, as a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and (2) the trial court either ruled on the request, objection, or motion, either expressly or implicitly or, over a further complaint, refused to do so. *Id*. at 460 (citing Tex. R. App. P. 33.1(a)). "'The purpose for requiring a timely, specific objection is twofold: (1) it informs the judge of the basis of the objection and affords him an opportunity to

rule on it[;] and (2) it affords opposing counsel an opportunity to respond to the complaint.'" *Id.* (quoting *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015)).

### B.   Application

During the charge conference, Appellant's trial counsel stated: "the defense would have two requests for the Court." For his first request, trial counsel stated: "We would ask the Court to include a defense of third party paragraph in the charge." The State objected and argued against the inclusion. Appellant's trial counsel responded to the State and concluded his argument, stating "that's why the defense would be asking for a defense of third party." The State continued to argue against the inclusion of the requested instruction. In response to the State, Appellant's counsel did not present further argument and only stated: "We would continue to ask for the charge, Your Honor." The court denied trial counsel's request, stating: "The request for a defense of third party instruction is denied at this time." Appellant's counsel then turned to his second request, asking the trial court for a lesser-included offense instruction in the jury charge. After the parties presented their arguments relating to Appellant's second request, the trial court denied the request for a lesser-included offense instruction and took a recess.

After the recess, the trial court asked the State and Appellant's counsel if there were any further objections to the proposed charge. The State did not have any other "requests or changes" and Appellant's counsel stated: "Other than my previous request for a self-defense instruction and an instruction for a lesser offense, Your Honor, there are no additional objections." The court responded: "Okay. Thank you very much. Those previous objections were denied and therefore preserved."

Appellant claims that his last statement to the trial court preserved his

5

complaint because his "counsel referred to his request for an instruction on self-defense." But trial counsel did not and could not have referred to a request for a self-defense instruction because he previously never made such a request. Instead, he referred to his "previous request", and all his previous requests were for a defense of third person instruction. It is clear that when read in context, Appellant's trial counsel merely misspoke when he referred to "his previous request for a self-defense instruction" because every previous request clearly was for only a defense of third person instruction. We conclude Appellant did not request that the trial court include an instruction on self-defense in the jury charge and he, therefore, failed to preserve his complaint for appellate review.

Accordingly, we overrule Appellant's first issue.

## II.    Defense of Third Person Instruction

In his second issue, Appellant contends that he "suffered some harm by the trial court's refusal to include a defense of third person instruction in the jury charge."

### A.    Preservation

Relying on the court of criminal appeals opinion in *Williams*, the State contends that Appellant failed to preserve his complaint for appellate review because he "did not point out to the trial court the factual basis for why he was entitled to" a defense of third person instruction. *See Williams*, 662 S.W.3d at 461. We disagree.

We find the State's reliance on *Williams* is misplaced because the court of criminal appeals did not state that a defendant must "point out to the trial court the factual basis for why he was entitled to" a defensive instruction. *See id*. The court of criminal appeals stated: "And *specific to requests for lesser-included offenses*,

6

the defendant must point to evidence in the record that raises the lesser-included offense. . . . Thus, if a defendant requests a particular lesser-included instruction and he sets out, on the record, the specific evidence that supports a rational basis for rejecting the greater offense but supporting the lesser offense, the trial judge errs if he refuses to instruct the jury on that lesser offense." *Id.* (emphasis added). The court made no such pronouncements with regard to defensive instructions. Here, Appellant's counsel requested a defense of third person instruction several times; the trial court denied his requests. Therefore, we conclude Appellant preserved his complaint for review.

## B.    Error

We review a complaint of charge error in two steps. *See Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015); *Baban v. State*, 672 S.W.3d 655, 659 (Tex. App.—Houston [14th Dist.] 2023, pet. ref'd). First, we examine whether error exists in the charge. *Ngo v. State*, 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005) (en banc); *Baban*, 672 S.W.3d at 659. Second, we review the record to determine whether sufficient harm was caused by the error to require reversal of the conviction. *Ngo*, 175 S.W.3d at 743-44; *Baban*, 672 S.W.3d at 659.

When deciding whether the trial court committed error, we begin with the rule that "trial courts are required to instruct the jury on 'the law applicable to the case.'" *Williams*, 662 S.W.3d at 460 (quoting *Delgado*, 235 S.W.3d at 249). "Regardless of the strength or credibility of the evidence, a defendant is entitled to an instruction on any defensive issue that is raised by the evidence." *Jordan v. State*, 593 S.W.3d 340, 343 (Tex. Crim. App. 2020). "A defensive issue is raised by the evidence if there is sufficient evidence to support a rational jury finding as to each element of the defense." *Id.* In reviewing whether the trial court erred in refusing to submit a requested defensive instruction, we examine the evidence

7

offered in support of the defensive issue in the light most favorable to the defense. *Id.* A trial court errs to refuse a defense of third person instruction if there is some evidence, viewed in the light most favorable to the defendant, that will support its elements. *Id.* A defendant's testimony alone may be sufficient to warrant a requested defensive instruction. *Beltran v. State*, 472 S.W.3d 283, 290 (Tex. Crim. App. 2015).

Texas Penal Code section 9.33 provides that:

A person is justified in using force or deadly force against another to protect a third person if

(1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 in using force or deadly force to protect himself against the unlawful force or unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect; and

(2) the actor reasonably believes that his intervention is immediately necessary to protect the third person.

Tex. Penal Code Ann. § 9.33. "So long as the accused reasonably believes that the third person would be justified in using deadly force to protect himself, the accused may step in and exercise deadly force on behalf of that person." *Hughes v. State*, 719 S.W.2d 560, 564 (Tex. Crim. App. 1986) (en banc), *superseded by statute on other grounds as stated in Morales v. State*, 357 S.W.3d 1 (Tex. Crim. App. 2011). Moreover, the defendant "must reasonably believe that his intervention is '*immediately* necessary to protect the third person.'" *See id.* (emphasis in original); *see also* Tex. Penal Code Ann. § 9.33. When there is no evidence that the victim was making an attack or threatening an immediate attack upon a third party, the issue of defense of third person is not raised. *See Constancio v. State*, 643 S.W.2d 153, 156 (Tex. App.—Austin 1982, no pet.); *see also Brooks v. State*, 548 S.W.2d 680, 684 (Tex. Crim. App. 1977), *disapproved of on other grounds by*

*Lugo v. State*, 667 S.W.2d 144 (Tex. Crim. App. 1984) (en banc).

During his police interview with Detective Brown, who was assigned to investigate the homicide of Josue and Maximo, Appellant stated he had agreed to meet with Josue after the first fistfight to "finish this" and had suggested they "meet again at the same spot" in Eastbrook. Appellant told Detective Brown that he arrived at the meeting place and talked to Josue on the phone in order to set up Josue so the shooter, who was waiting on the roof, could get a clear shot. When Josue and Maximo exited the car at the location Appellant had instructed, the shooter immediately shot them numerous times. There is no evidence that Josue or Maximo ever threatened Appellant's family, let alone threatened the family immediately before they were shot and killed.

Nonetheless, Appellant claims that he was entitled to a defense of third person instruction because he "expressed concern that the men who attacked him would come after his mother and sister." As support for his assertion, Appellant points to Detective Brown's testimony, who stated that during the investigation, Appellant's friend's father told Detective Brown "that [Appellant] told his son that he killed [Josue and Maximo] because he was worried that they would come after him, after his sister and mother."

However, this testimony is no evidence that Appellant had a reasonable belief that use of deadly force against Josue and Maximo was immediately necessary to protect his mother and sister because this testimony does not establish that the victims attacked or made any threats to harm Appellant's mother and sister so as to need immediate protection. *See Brooks*, 548 S.W.2d at 684 (finding that because there is no evidence that the deceased was making an attack or threatening an immediate attack upon a third person, the evidence could not have led the defendant to reasonably believe that his intervention was immediately necessary to

9

protect the third person); *Cooper v. State*, 910 S.W.2d 605, 606 (Tex. App.—Tyler 1995, no pet.) (same); *Constancio*, 643 S.W.2d at 156 (same); *Pena v. State*, 635 S.W.2d 912, 914 (Tex. App.—Eastland 1982, pet. ref'd) (same).

Appellant also contends that he was entitled to the requested defensive instruction because: "While appellant's mother and sister were not on the scene, Josue made threats against appellant and was poised to carry out those threats. Josue and appellant had previously worked together and, at one point, were friends. It is reasonable to believe that Josue knew appellant's family and that they lived less than three minutes away from the meeting spot." We reject Appellant's contention because, again, there is no evidence that the victims attacked or made any threats against Appellant's family at any time, even if Appellant was threatened. The evidence must show that the victims attacked or made threats against the third person in order to raise the issue of defense of third person. *See Constancio*, 643 S.W.2d at 156; *see also Brooks*, 548 S.W.2d at 684. We also note Appellant fails to cite any evidence, and we have not found any, that supports his claim that Josue knew where Appellant's family lived or that "they lived less than three minutes away from the meeting spot."

There is no evidence that either Josue or Maximo attacked or threatened an immediate attack with deadly force upon Appellant's family; therefore, the evidence could not have led Appellant to reasonably believe that deadly force was immediately necessary to protect his mother and sister. Viewed in the light most favorable to Appellant, we hold the evidence in this case does not raise the issue that Appellant reasonably believed deadly force was immediately necessary to protect a third person. Because the evidence did not raise the issue of defense of third person, Appellant was not entitled to the defensive instruction, and the trial court did not err in refusing to submit the requested instruction in the jury charge.

Accordingly, we overrule Appellant's second issue.

**CONCLUSION**

We affirm the trial court's judgment.

/s/ Meagan Hassan
Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).

11