Juan PENA, Appellant,

v.

STATE of Texas, Appellee.

No. 11–81–176–CR.

Court of Appeals of Texas, Eastland.

June 24, 1982.
Discretionary Review Refused Sept. 22, 1982.

---

Stan Brown, Brown, Ledbetter & Copeland, Abilene, for appellant.

James Eidson, Asst. Dist. Atty., Abilene, for appellee.

DICKENSON, Justice.

Juan Pena was indicted for the offense of murder.[1] The jury convicted him for the lesser included offense of voluntary manslaughter[2] and set his punishment at 18 years confinement.[3] Juan Pena appeals. We affirm the conviction.

The only ground of error asserted by appellant is that the trial court erred in failing to instruct the jury concerning the use of justifiable deadly force in defense of a third person.

Tex.Penal Code Ann. § 9.33 (Vernon 1974) provides:

A person is justified in using force or deadly force against another to protect a third person if:

(1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 of this code in using force or deadly force to protect himself against the unlawful force or unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect; and

(2) the actor reasonably believes that his intervention is immediately necessary to protect the third person.

There was a timely request for this instruction,[4] but the ground of error must be overruled because the trial court correctly held the evidence did not raise this issue. The trial court instructed the jury as to "sudden passion arising from an adequate cause" under § 19.04, supra, "self-defense" under Tex.Penal Code § 9.31 (Vernon 1974), and "deadly force in defense of person" under Tex.Penal Code § 9.32 (Vernon 1974).

We recognize the rule that upon timely request any defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence and that the defendant's testimony alone can be sufficient to raise the issue. See, e.g., *Semaire v. State*, 612 S.W.2d 528 at 530 (Tex.Cr.App. 1980, rehearing en banc denied 1981). Consequently, we have reviewed the testimony in the light most favorable to appellant. Even so, we hold that the testimony does not raise the issue that appellant reasonably believed that his intervention was immediately necessary to protect a third person. See *McDonald v. State*, 597 S.W.2d 365 (Tex.Cr.App.1980); *Brooks v. State*, 548 S.W.2d 680 (Tex.Cr.App.1977); Texas Annotated Penal Statutes § 9.33 (Branch's 3d Ed.).

The testimony shows that appellant and his two female companions, Nora[5] and Linda,[6] had gone to the Redmen Club in Abilene on Saturday night, March 31, 1979. When it closed at about 1:00 a. m., they went to an "after hours" club to continue their party. The three of them sat at a table, drinking beer and listening to the juke box. Decedent, Tino Mariscal, and two other men came into the room. Tino came over to their table, asking Nora and Linda to dance. They declined. Tino then asked appellant what he was looking at and if he thought he was a big guy or something. Tino went back to his table for about two minutes, and then he came back again to ask the ladies to dance. Appellant said: "That offended me somewhat." Appellant wanted to stand up, but the ladies would not allow him to stand up to fight.

1. Tex.Penal Code Ann. § 19.02 (Vernon 1974) defines the offense and provides that it is a felony of the first degree.

2. Tex.Penal Code Ann. § 19.04 (Vernon 1974) reduces the offense from murder to voluntary manslaughter when the offender "caused the death under the immediate influence of sudden passion arising from an adequate cause." This offense is a felony of the second degree.

3. Tex.Penal Code Ann. § 12.33 (Vernon 1974) provides the range of punishment for a felony of the second degree: from not less than two to

not more than 20 years confinement plus an optional fine of not more than $10,000.

4. Appellant's lawyer complied with the requirements of Tex.Code Crim.Pro.Ann. art. 36.14, art. 36.15 and art. 36.16 (Vernon 1981 and Vernon Supp.1982).

5. Nora Carrion was appellant's girl friend. She did not testify.

6. Linda Sanchez is Nora's sister. She testified at trial, and her testimony supported appellant's version of the incident.

Tino went back to his table. Tino had "cussed at (appellant) a lot" and called him bad names. Appellant went over to the juke box to put some more money in, and Tino got up. Tino came toward appellant, and appellant saw that Tino had a gun "inside his pants." Linda was standing near appellant. Tino asked: "Do you want to die?" Appellant opened his knife inside his pocket. Then Tino tried to pull out the gun and said: "Anyway, I am going to kill you." Appellant testified: "Since Linda was standing right next to me, all I could do was push her to the side, since he might have shot her, too." Appellant stabbed Tino five times, and Tino died.

In answer to questions by his court appointed lawyer, appellant testified with the aid of a court appointed interpreter as follows:

Q Did you pull your knife out at the same time?

A Yes.

Q Was it right after that when you pushed Linda out of the way?

A No. At the same time that I pushed Linda aside, I pulled my knife out.

Q Did you feel that it was necessary to pull your knife out and stab him in order to protect yourself?

A Yes. Because there was not any other place I could go. There was not a way out.

Q Did you believe that pulling your knife and stabbing him was the only way to protect your life?

A Yes.

Q Did you believe that your actions there were also necessary to protect Linda's life from him?

A Yes, because Linda was there and Nora, too.

* * * * * *

Q Did you feel that both your life and Linda's life and Nora's life were in danger from Tino with his gun?

A Yes. Yes, because he was mad. I don't know why. And I feel like he wanted to kill somebody.

Q Did you believe that the only way you could protect yourself and the two women was to pull your knife and use it on him?

A Yes.

There was no testimony that the decedent had directed any threats of any kind toward either of the women. All of the hostilities were between the two men. Even accepting appellant's version of the incident, he could not have reasonably believed that it was necessary for him to stab the decedent five times in order to protect either of the two ladies.

None of the cases cited by appellant require a reversal of this conviction. In each case where a charge under Section 9.33, supra, was required, there was some evidence which would justify a "reasonable" belief that the use of deadly force was "immediately necessary to protect the third person." Appellant's subjective belief that Tino might have shot the third party is not enough. See *McDonald v. State*, supra at 367; *Brooks v. State*, supra at 684. The circumstances must show that the belief is reasonable before the trial court is required to give a requested charge on "defense of third person" under Section 9.33, supra.

The judgment of the trial court is affirmed.

