NO. 07-05-0169-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 24, 2006
_____

COLLIE WILLARD,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407,115; HON. JIM BOB DARNELL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant, Collie Willard, seeks to reverse his conviction for aggravated assault with a deadly weapon by contesting the factual sufficiency of the evidence. We affirm the judgment of the trial court.

## *Background*

Appellant and Melinda Gonzales, the mother of two of his children, were at a party. While there, one of the female guests accused appellant of stealing some money from her

aunt. Melinda and the female then began physically fighting. Appellant attempted to separate the women, pushed another female, and received a blow from a beer bottle. Adam, the husband of the female appellant shoved, also began to fight with appellant, and that fight moved out into the yard. Appellant eventually ran out of the yard, approached a friend who was nearby and obtained a knife from him. He then returned to the residence ostensibly to rescue Melinda whom he believed to still be in the house.

Adam and appellant were starting to fight again in the yard when Adam's brother, Chris, charged at appellant. However, after Adam warned Chris that appellant had a knife, Chris turned and ran away. Appellant gave chase, caught Chris, and stabbed him.

### *Factual Sufficiency*

The standard by which we review the factual sufficiency of the evidence is well established. We refer the parties to *Zuniga v. State,* 144 S.W.3d 477 (Tex. Crim. App. 2004), *Zuliani v. State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000) for an explanation of it.

Appellant contends that the evidence is factually insufficient to support the implied finding of the jury that he was acting neither in self-defense nor in defense of a third person, *i.e.* Melinda, when he stabbed Chris. A person is justified in using deadly force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful deadly force and a reasonable person would not have retreated. TEX. PEN. CODE ANN. §9.32(a) (Vernon 2003). Next, a person is justified in using deadly force against another to protect a third person if under the circumstances he 1) would be justified in using deadly force to

2

protect himself and 2) reasonably believes that his intervention is immediately necessary to protect the third person. *Id.* §9.33. Thus, to establish self-defense, it must be shown that the act of stabbing was immediately necessary for appellant to protect himself or the third person. *Cleveland v. State,* 177 S.W.3d 374, 380-81 (Tex. App.–Houston [1st Dist.] 2005, pet. ref'd); *Contreras v. State,* 73 S.W.3d 314, 319-20 (Tex. App.–Amarillo 2001, pet. ref'd); *Villarreal v. State,* 61 S.W.3d 673, 681 (Tex. App.–Corpus Christi 2001, pet. ref'd). Appellant admits in his brief that the record shows that he ran freely into the street, obtained a knife, ran back to the scene of the fight, pursued Chris who was running away and stabbed the fleeing individual in the back. Furthermore, other witnesses also agreed that Chris was running from appellant when the stabbing occurred. Based on this evidence, we cannot say that these circumstances render the verdict clearly erroneous or manifestly unjust. *See Cleveland v. State,* 177 S.W.3d at 380-81 (holding that it was not immediately necessary for the defendant to defend himself when he stabbed his wife after disarming her and while she was sitting on a sofa when he could have easily left the house). Ample evidence existed to support a finding that the use by appellant of deadly force against Chris to protect himself was not immediately necessary. At the very least, the evidence merely created fact issues for the jury to resolve. *See Saxton v. State,* 804 S.W.2d 910, 914 (Tex. Crim. App. 1991) (holding that the jury is free to accept or reject the self-defense theory); *Vasquez v. State,* 2 S.W.3d 355, 359 (Tex. App.–San Antonio 1999, pet. ref'd) (holding the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony on a self-defense issue).

So too could the jury could have found that appellant was not in the process of defending Melinda at the time he stabbed Chris. There was no evidence that Chris was threatening Melinda at that moment or in the moments leading up to it. *See Pena v. State,* 635 S.W.2d 912, 914 (Tex. App.–Eastland 1982, pet. denied) (holding that when there was no testimony that any threats were directed toward the two women, the defendant could not have reasonably believed it was necessary for him to stab the victim five times to defend them).

Because the finding is not manifestly unjust based upon the record before us, we overrule appellant's issue and affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.

4