NO. 07-06-0479-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 30, 2008

______________________________


JUAN A. SOLIS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B16671-0602; HON. ED SELF, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.


ON MOTION TO DISMISS


Â Â Â Â Â Â Â Â Â Â Pending before the Court is appellantâs motion to dismiss his appeal. Appellant and
his attorney have both signed the motion. Tex. R. App. P. 42.2(a). No decision of this
Court having been delivered to date, we grant the motion. Accordingly, the appeal is
dismissed. No motion for rehearing will be entertained and our mandate will issue
forthwith.

Per Curiam
Do not publish.



004), Zuliani v. State, 97 S.W.3d 589 (Tex. Crim. App. 2003), and King v. State, 29
S.W.3d 556 (Tex. Crim. App. 2000) for an explanation of it. 

 Appellant contends that the evidence is factually insufficient to support the implied
finding of the jury that he was acting neither in self-defense nor in defense of a third
person, i.e. Melinda, when he stabbed Chris. A person is justified in using deadly force
against another when and to the degree he reasonably believes the force is immediately
necessary to protect himself against the other's use or attempted use of unlawful deadly
force and a reasonable person would not have retreated. Tex. Pen. Code Ann. §9.32(a)
(Vernon 2003). Next, a person is justified in using deadly force against another to protect
a third person if under the circumstances he 1) would be justified in using deadly force to
protect himself and 2) reasonably believes that his intervention is immediately necessary
to protect the third person. Id. Â§9.33. Thus, to establish self-defense, it must be shown
that the act of stabbing was immediately necessary for appellant to protect himself or the
third person. Cleveland v. State, 177 S.W.3d 374, 380-81 (Tex. App.-Houston [1st Dist.]
2005, pet. ref'd); Contreras v. State, 73 S.W.3d 314, 319-20 (Tex. App.-Amarillo 2001, pet.
ref'd); Villarreal v. State, 61 S.W.3d 673, 681 (Tex. App.-Corpus Christi 2001, pet. ref'd). 
Appellant admits in his brief that the record shows that he ran freely into the street,
obtained a knife, ran back to the scene of the fight, pursued Chris who was running away
and stabbed the fleeing individual in the back. Furthermore, other witnesses also agreed
that Chris was running from appellant when the stabbing occurred. Based on this
evidence, we cannot say that these circumstances render the verdict clearly erroneous or
manifestly unjust. See Cleveland v. State, 177 S.W.3d at 380-81 (holding that it was not
immediately necessary for the defendant to defend himself when he stabbed his wife after
disarming her and while she was sitting on a sofa when he could have easily left the
house). Ample evidence existed to support a finding that the use by appellant of deadly
force against Chris to protect himself was not immediately necessary. At the very least,
the evidence merely created fact issues for the jury to resolve. See Saxton v. State, 804
S.W.2d 910, 914 (Tex. Crim. App. 1991) (holding that the jury is free to accept or reject the
self-defense theory); Vasquez v. State, 2 S.W.3d 355, 359 (Tex. App.-San Antonio 1999,
pet. ref'd) (holding the jury is the sole judge of the credibility of the witnesses and the
weight to be given their testimony on a self-defense issue). 

 So too could the jury could have found that appellant was not in the process of
defending Melinda at the time he stabbed Chris. There was no evidence that Chris was
threatening Melinda at that moment or in the moments leading up to it. See Pena v. State,
635 S.W.2d 912, 914 (Tex. App.-Eastland 1982, pet. denied) (holding that when there was
no testimony that any threats were directed toward the two women, the defendant could
not have reasonably believed it was necessary for him to stab the victim five times to
defend them). 

 Because the finding is not manifestly unjust based upon the record before us, we
overrule appellant's issue and affirm the judgment of the trial court.

 

 Brian Quinn 

 Chief Justice 

 

Do not publish.