**Opinion issued October 29, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00638-CR

———————————

**ROLLIN CALVIN O'NEAL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1279130**

**MEMORANDUM OPINION**

Rollin Calvin O'Neal appeals a judgment convicting him of murder. *See*
TEX. PENAL CODE ANN. § 19.02 (West 2011). A jury found O'Neal guilty and
assessed his punishment at fifty years' confinement. O'Neal raises one issue on

appeal. He maintains the trial court erred in denying his request to instruct the jury on defense of a third person. *See* TEX. PENAL CODE ANN. § 9.33 (West 2011). We affirm.

## Background

On May 21, 2010, Shardell Banks engaged in an act of prostitution with Santos Fuentes at her home. The next day, while Banks was standing in her driveway, Banks saw Fuentes walking in the street. Banks was talking to a man she knew as "Tiger," and she told Fuentes "to go on about his business" or "[g]o away." Suddenly, without Banks's prompting, Tiger crossed the street and started beating Fuentes with his fists. Fuentes fought back. Sometime later, Banks saw the appellant, O'Neal, replace Tiger in the fight. The fight took place in the street in front of Banks's home and lasted about three minutes. When the fight ended, Fuentes walked a short distance before collapsing. Fuentes died at the scene from what the medical examiner later determined were sharp force injuries with penetration of the heart. The medical examiner testified that the source of Fuentes's injuries was a knife or other sharp object. Anthony Daniel, a witness, testified that he saw O'Neal stab Fuentes with a knife. Banks testified that O'Neal showed her a bloody knife immediately following the fight. Daniel and Banks both testified that Fuentes was unarmed.

2

At trial, O'Neal asked Banks whether she had feared a threat to her life or serious bodily injury during the fight. Banks responded that she had. On redirect, the State attempted to clarify Banks's response to O'Neal's question. Banks explained that she had misunderstood O'Neal's question and that she had not been afraid of Fuentes.

O'Neal asked the trial court to instruct the jury on defense of a third person—Banks. The trial court refused. O'Neal objected, and the trial court overruled his objection. This appeal followed.

## Applicable Law

We apply a two-step analysis to jury-charge issues. *See Love v. State*, 199 S.W.3d 447, 455 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (citing *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005)). "[W]e first determine if error actually exists in the jury charge and, if we find error, we determine whether it harmed the appellant." *Id.* "We review a trial court's decision not to include an instruction on a defensive issue in the charge for an abuse of discretion, and we view the evidence in the light most favorable to the defendant's requested submission." *Reynolds v. State*, 371 S.W.3d 511, 522 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (citing *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006)); *Love*, 199 S.W.3d at 455.

The Texas Code of Criminal Procedure requires the trial court to "deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007); *see also McGregor v. State*, 394 S.W.3d 90, 123 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). "The issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense." TEX. PENAL CODE ANN. art. 2.03(c) (West 2011). "[A] judge must give a requested instruction on every defensive issue raised by the evidence without regard to its source or strength, even if the evidence is contradicted or is not credible." *Krajcovic v. State*, 393 S.W.3d 282, 286 (Tex. Crim. App. 2013) (citing *Juarez v. State*, 308 S.W.3d 398, 404-05 (Tex. Crim. App. 2010)). A defense is raised by the evidence "if there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that that element is true." *Shaw v. State*, 243 S.W.3d 647, 657–58 (Tex. Crim. App. 2007).

Section 9.33 of the Texas Penal Code provides that a person is justified in using deadly force to protect a third person if he reasonably believes the third person would be justified in using deadly force to protect himself and if he reasonably believes deadly force is immediately necessary to protect the third person. TEX. PENAL CODE ANN § 9.33; *see also Smith v. State*, 355 S.W.3d 138, 145 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). A reasonable belief is "a

4

belief that would be held by an ordinary and prudent man in the same circumstances as the actor." TEX. PENAL CODE ANN. § 1.07(42) (West Supp. 2012); *see also Walters v. State*, 247 S.W.3d 204, 213 (Tex. Crim. App. 2007). Deadly force is "force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury." TEX. PENAL CODE ANN. § 9.01(3) (West 2011); *see also Ferrel v. State*, 55 S.W.3d 586, 591–92 (Tex. Crim. App. 2001).

### Analysis

O'Neal contends that the jury could have believed Banks's original statement, that she feared a threat to her life or serious bodily injury during the fight, and, therefore, he was entitled to an instruction on defense of a third person. "[W]hen a witness recants prior testimony, it is up to the fact finder to determine whether to believe the original statement or the recantation." *Eubanks v. State*, 326 S.W.3d 231, 241 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (quoting *Saldana v. State*, 287 S.W.3d 43, 60 (Tex. App.—Corpus Christi 2008, pet. ref'd)). Here, however, whether the jury could have believed Banks's original testimony is inapposite.

The Texas Penal Code requires the trial court to instruct the jury on a defense only if there is some evidence on each element of the defense to support a rational inference that the element is true. *See* TEX. PENAL CODE ANN. § 2.03(c);

*Shaw*, 243 S.W.3d at 657–58. Thus, the issue for the trial court was whether there was some evidence to support a rational inference that O'Neal reasonably believed Banks would have been justified in using deadly force to protect herself and that O'Neal reasonably believed using deadly force was immediately necessary to protect Banks. *See* TEX. PENAL CODE § 9.33; *see also Smith*, 355 S.W.3d at 145. Banks's original testimony might support a rational inference that Banks feared a threat to her life or serious bodily injury, but it does not establish that O'Neal reasonably believed Banks would have been justified in using deadly force to protect herself. Nor does it establish that O'Neal reasonably believed using deadly force was immediately necessary to protect Banks. *See Morales v. State,* 357 S.W.3d 1, 8 (Tex. Crim. App. 2011) ("We also point out that the focus of the defense-of-third-persons defense is upon what the *actor* reasonably believes concerning the situation of the third person.") (emphasis added).

Indeed, nothing in the record supports a rational inference that an ordinary and prudent person in O'Neal's situation would have believed that Banks was threatened by Fuentes such that deadly force was justifiable and immediately necessary to protect Banks. The record does not make clear whether O'Neal observed Banks tell Fuentes to go away. Even if O'Neal had, nothing about that interaction supports a reasonable belief on the part of O'Neal that Fuentes was threatening Banks so as to justify the use of deadly force. *Cf. Hamel v. State*, 916

6

S.W.2d 491, 492, 494 (Tex. Crim. App. 1996) (holding defendant was entitled to instruction on defense of third person in part because victim threatened to shoot third person and victim gave impression he was retrieving his gun). The same holds true if O'Neal did not know that Banks had told Fuentes to go away, and O'Neal believed Banks to be a mere bystander. *See, e.g., Madrigal v. State*, 347 S.W.3d 809, 817–18 (Tex. App.—Corpus Christi 2011, pet. ref'd) (concluding evidence was insufficient to raise defense of third person where defendant testified he had feared for third party's safety and had pushed third party aside, but where victim was unarmed and there was no evidence that victim had threatened third party); *Pena v. State*, 635 S.W.2d 912, 914 (Tex. App.—Eastland 1982, writ ref'd) (holding evidence did not entitle appellant to defense of third person instruction where victim was armed, victim threatened to shoot appellant, and appellant testified he had feared for third party's safety and had moved third party aside, but where there was no evidence that victim had threatened third party). In sum, because no evidence supports a rational inference that Fuentes threatened Banks so as to justify a belief on the part of O'Neal that deadly force was justified, we hold that the trial court did not abuse its discretion in refusing to instruct the jury on defense of a third person.

We overrule O'Neal's sole point of error.

## Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.   Tex. R. App. P. 47.2(b).